## MARY KUHN *vs.* CHARLES KALER.

A widow is not entitled to dower in a tract of woodland, which the husband sold from the lot on which he lived, still retaining as part of the farm, at that time and until his death many years afterwards, an abundant supply of wood for fuel, fencing, and repairs.

EXCEPTIONS from the Court of Common Pleas, *Smith J.* presiding.

The only question raised in the case, was, whether the widow was entitled to dower in land situated as this was. The premises in which dower was claimed, containing about fifteen acres, and part of a larger tract, was wholly woodland, and on which no improvements have ever been made. When this tract was conveyed by the husband of the demandant to the tenant, in 1805, the residue of the tract consisted of about 90 acres, on which were the house, other buildings, and improvements of the husband of the demandant, about 70 acres thereof still remaining woodland wholly unimproved, and on which then were, and still are, growing trees and timber abundantly sufficient for fuel, fencing, and all repairs. The Judge was of opinion, that the plaintiff was not entitled to dower in the 15 acre lot of woodland, demanded in the writ, and ordered a nonsuit; and the plaintiff filed exceptions.

*Bulfinch,* for the demandant, said, that the question before the Court was, whether the husband by separating this lot from the rest of the farm, can bar the wife of her dower therein, although this is and has been entirely woodland. The wife is dowable of woodland, when composing a part of a farm. *White* v. *Willis,* 7 *Pick.* 143. If the husband cuts up his farm, and conveys it in

parcels to different persons, it cannot deprive the widow of her right to dower.

*F. Allen* and *I. G. Reed,* for the tenant, contended, that the rule was, that the wife is not dowable of woodland, unless it composes a part of a farm, and is necessary for fuel, fencing, or repairs. In this case, the facts show conclusively, that this tract of wild land could not be necessary for that purpose. It never was any part of the farm. They cited *Conner* v. *Shepherd,* 15 *Mass. R.* 164; *Webb* v. *Townsend,* 1 *Pick.* 21; and *White* v. *Willis,* cited for the demandant.

After a continuance for advisement, the opinion of the Court was prepared by

SHEPLEY J. — The general rule, that the widow is dowable of all lands of which her husband was seised during coverture, has ever been subject to certain exceptions.   An additional exception was established in *Massachusetts,* while *Maine* was a part of that State, by the case of *Conner* v. *Shepherd,* where it was decided, that a widow was not dowable of unimproved lands.   In the case of *White et ux.* v. *Willis,* it is said, that this exception was not designed to extend to lands of this description used with the homestead, or cultivated land.

The fifteen acres of unimproved land in which dower is now claimed were separated from the farm as early as 1805, leaving connected with it sufficient lands of the same description for the purpose of obtaining firewood, fencing, and building materials. And since that time, this tract has not been connected with or appendant to, a cultivated farm.

The argument of the plaintiff is, that it does not appear, that the widow could have assigned to her, in that part of the woodland remaining in connection with the farm, a convenient part for the purpose of obtaining firewood, fencing, &c.   But considering the large quantity of such land remaining with the small quantity of improved land, it cannot be presumed, that she cannot have her dower assigned conveniently for such purposes.   And if such were the condition of the whole farm, the proof should come from the plaintiff, this being necessary to establish her right to dower in unimproved land so long disconnected with the farm.

<div align="right">

*Exceptions overruled.*