## BETSEY MOSHER *vs.* DANIEL MOSHER.

Where the land, at the time of the alienation by the husband, was pasture and woodland, the widow is entitled to dower therein.

The widow on the assignment of her dower, is to be excluded from the increased value arising from labor and money expended upon the land after the alienation, but not from that which has arisen from other causes.

THE parties, in this action of dower, submitted to the Court, whether the demandant was entitled to dower in the premises ? and if so, to what part and proportion thereof, on a statement of facts. From the statement it appeared, that *James Mosher, Jr.* the husband of the demandant, on *Sept.* 9, 1814, being then seized of the premises, conveyed the same in mortgage to the trustees of the Ministerial Fund in *Gorham.* On *Sept.* 10, 1818, the equity of redemption was sold on execution, and the purchaser took an assignment of the mortgage, and in *December*, 1826, conveyed the land to the tenant. *James Mosher, Jr.* removed from the premises in 1817, and died in 1836. When the conveyance in mortgage was made, six acres of land in which dower is demanded, were, and until the present time remain, pasture land ; and sixteen acres were then, and still are, woodland, and were not then, and have not since been in a condition to be ploughed, mowed or cultivated. When the conveyance was made, there was a thrifty growth of young wood upon the woodland, which has since increased in quantity and in value from the natural growth. The value of the wood and timber has also since increased from the construction of the *Cumberland* and *Oxford* Canal within one hundred rods of it, and from the enhanced price of fuel in *Portland.* It did not appear from the statement, whether the pasture and woodland were parts of the same tract, or were separate lots.

The case was submitted on the briefs of the counsel.

*J. Pierce*, for the demandant, contended, that the demandant was entitled to dower in the premises, as they now are, as the increased value of the land and wood was not in consequence of any improvements made by those claiming under the husband, but from the natural growth of young wood, and the natural situation of the land. *Stoughton* v. *Leigh*, 1 *Taunt.* 402 ; *Stearns on Real*

Mosher v. Mosher.

*Actions*, 314. He stated, that the land was in one lot, part being wood and part pasture land.

*J. Adams*, for the tenant, relied on two points.

1. That the demandant cannot have dower assigned to her in any part of the woodland. *Conner* v. *Shepherd*, 15 *Mass. R.* 164; *Sergeant* v. *Towne*, 10 *Mass. R.* 303.

2. She can have dower in no part of the premises, except in the condition they were in, at the time of the alienation by the husband. *Catlin* v. *Ware*, 9 *Mass. R.* 218; *Ayer* v. *Spring*, 10 *Mass. R.* 80; *Libby* v. *Swett*, *Story's Pl.* 365, note; 2 *Johns. R.* 484; 11 *Johns. R.* 510; 13 *Johns. R.* 179.

The opinion of the Court was afterwards drawn up by

SHEPLEY J. — It was decided in the case of *Conner* v. *Shepherd*, that a widow was not dowable of wild land covered with wood and wholly uncultivated.

In the case of *White* v. *Willis*, 7 *Pick.* 143, the disallowance of dower was held to be limited to such land not used with the homestead, or with cultivated land.

A like rule was adopted by the Court in the case of *Kuhn* v. *Kaler*, 14 *Maine Rep.* 409. No part of the land in this case comes within the rule, which excludes the widow, and she is entitled to her dower. But she is not entitled to be endowed of improvements made by the grantee of the husband, or by the assignee of such grantee.

Whether the value of the land should be regarded as fixed, at the time of the alienation, or the widow should be entitled to the benefit, or be compelled to bear the loss arising from the rise and fall of property and other circumstances unconnected with improvements upon the land, has been much considered; and there was at one time apparently no little difference of opinion upon it between distinguished jurists. *Humphrey* v. *Phinney*, 2 *Johns. R.* 484; *Dorchester* v. *Coventry*, 11 *Johns. R.* 510; *Hale* v. *James*, 6 *Johns. Ch. R.* 258; *Thompson* v. *Morrow*, 5 *S. & R.* 289; *Powell* v. *Mon. & Brim. Man. Co.* 3 *Mason*, 365. Such difference can hardly be considered as now existing, for *Kent* admits the more reasonable doctrine to have been stated by *Ch. Justice Tilghman.* 4 *Kent's Com.* 68. The widow is to be excluded

from the improved value arising from the labor and money expended upon the land since the alienation, but not from that, which has arisen from other causes.

*Judgment for demandant.*