## SALLY HOBBS vs. WILLIAM HARVEY.

Where the husband took a conveyance of land, and at the same time gave a mortgage to the grantor to secure notes for the purchase money, and the notes and mortgage were sold and delivered over by the mortgagee to a third person, who some years subsequently delivered the same notes with the mortgage, which had never been recorded or transferred in writing, to the mortgagor, and took a note and mortgage to himself for the balance then due in which the wife did not join; the widow of the mortgagor was held entitled to dower.

In the assignment of dower any improvements made by the grantee or his assignee, after the alienation by the husband, are to be excluded.

THIS was an action of dower, wherein the only questions were, whether the former husband of the demandant was so seised of the premises during the coverture as to entitle her to dower; and if he was, whether dower was to be assigned in the whole property, as it then was, or as when the sale was made by the husband. *February* 24th, 1814, during the coverture, one *Blackstone* conveyed the premises to *Hobbs*, and at the same time took back from him a mortgage deed to secure notes for the purchase money. The mortgage was never recorded, and soon afterwards *Blackstone* verbally assigned to one *Knowlton* a part of the notes, and delivered over the mortgage to him, without any written assignment. *October* 22, 1817, *Knowlton* gave up the notes and mortgage to *Hobbs*, and took from him new notes with a mortgage for the balance due, which was recorded. The demandant did not release her claim to dower in either deed. These notes were principally but not entirely paid by *Hobbs* and a balance still remains due. It did not appear, that the defendant claimed under the mortgage, or that improvements had been made.

The case was submitted without argument by *R. Goodenow*, for the demandant, on his brief, citing *Walker* v. *Griswold*, 6 *Pick.* 416 ; and *Smith* v. *Eustis*, 7 *Greenl.* 41.

*H. Belcher*, for the defendant.

The opinion was prepared by

SHEPLEY J. — The mortgage deed to *Blackstone*, signed by the plaintiff, having been delivered to *Knowlton* and by him re-de-

livered to the grantor without being recorded, became inoperative as against the second mortgage made to *Knowlton* at that time, which was recorded.

No title can therefore be acquired under the first mortgage.

It does not appear from the case, that the plaintiff relinquished her right of dower by the second deed, nor does it appear, that the defendant claims to hold under it; while there is good reason to believe, that the debt has been fully paid and the title thereby extinguished. The plaintiff is entitled to her dower excluding in the assignment of it any improvements made by the grantee or his assignee since the alienation.

*Judgment on the verdict.*