Davis *v.* Hutton *et al.*

Filed March 20, 1891.

———————◆———————

No. 14,615.

DAVIS *v.* HUTTON ET AL.

DESCENT.—*Guardians' Sale of Real Estate.— Widow's Rights.— Valuable Im-
provements.*—A husband, after taking a conveyance of land, became in-
sane.   His guardians then sold the land to pay part of the purchase-
money due therefor, and other debts of the husband.   The proceeds re-
maining after the payment of the debts and the purchase-money were
re-invested in other lands.
*Held,* that as the special finding shows that the husband was insane, and

that the land was conveyed by his guardians, it will be presumed that she did not join in the guardians' deed, not being authorized by statute so to do.

*Held,* also, that the sale of the land to pay the balance of the unpaid purchase price of the land and the other debts due from the husband did not bar the widow's interest in the land upon the death of the husband, and that she was entitled to one-third thereof.

*Held,* also, that the widow was not entitled to any interest in the increased value of the land occasioned by the valuable and lasting improvements made between the date of the guardians' sale and the death of her husband.

TENANTS IN COMMON.—*Rents and Profits.*—One tenant in common, who occupies the land, is not accountable for rents unless he excludes his co-tenant or receives rent from a third person.

From the Montgomery Circuit Court.

*B. T. Ristine, T. H. Ristine, P. S. Kennedy* and *S. C. Kennedy,* for appellant.

*A. Thomson* and *J. West,* for appellees.

COFFEY, J.—This was an action by the appellant against the appellees, in the Montgomery Circuit Court, to recover the possession of an undivided interest in certain described land and to quiet title thereto.

Upon proper request the court made a special finding of the facts in the case, and stated its conclusions of law thereon.

It appears from the facts found by the court that Thompson Davis, then the husband of the appellant, on the 9th day of August, 1864, purchased and took a conveyance from Stephen Graves of the land described in the complaint. The land was purchased at the agreed price of $12,000, Davis paying $9,000 in cash, and executing his notes to Graves for $3,000, balance of the purchase-price, secured by mortgage on the land. In the month of October, 1865, Thompson Davis was, by the proper court, declared to be a person of unsound mind, and thereupon Isaac Davis and Jasper Allen were appointed guardians of his person and estate. In the month of January, 1866, the guardians procured an order from the Montgomery Common Pleas Court to sell said land

for the payment of said sum of $3,000 and other debts due from Thompson Davis, and to re-invest the remainder of the proceeds of such sale in other land, under which the land was sold and conveyed for the sum of $12,000, the debts paid and the balance re-invested in other lands. Thompson Davis died intestate on the 19th day of December, 1883, leaving the appellant as his widow. Each of the appellees owns a part of said land, all of which was greatly enhanced in value by permanent and lasting improvements made between the date of the sale by the guardians and the death of Thompson Davis.

Upon these facts the court concluded, as a matter of law, that the appellant, as the widow of Thompson Davis, became entitled to one-third of three fourths of said land upon his death ; and that she was not entitled to any of the increased value occasioned by the permanent and lasting improvements made between the date of the guardians' sale and the death of Davis.

Each of the parties to the suit excepted at the proper time to the conclusions of law as stated by the court, and each assigns such conclusions as error in this court.

The appellees contend that the court erred in its conclusion that the appellant was entitled to an interest in the land :

*First.* Because it is not found that she did not join in the conveyance.

*Second.* Because the sale by the guardians to pay part of the purchase-money due for the land barred her right to any part of the same.

Section 2491, R. S. 1881, provides that "A surviving wife is entitled, except as in section 2483 excepted, to one-third of all the real estate of which her husband may have been seized in fee simple at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law."

This statute was in force at the date of the guardians' sale mentioned in the findings of the court.

While there is no direct finding that the appellant did not join in the conveyance of the land involved in this suit, we think it does, in effect, so find. It is shown by the special finding that her husband was insane, and that the land was conveyed by his guardians. Our attention has not been called to any statute in force at that time, and we know of none, which authorized her to join in the guardians' deed.

There being a total absence of any authority to do so, we must presume she did not join in such deed.

Nor do we think that the sale of the land to pay the balance of the unpaid purchase-price of the land, with other debts due from her husband, barred her interest in the land. It is not shown that she was a party to the petition filed by the guardians for a sale of the land, and her interest could not be affected by a proceeding in court to which she was not a party.

The court did not err in its conclusion that the appellant had an interest in the land involved in this suit.

It is contended by the appellant that the court erred in its conclusions of law:

*First.* In holding that she was entitled to one-third of three-fourths of the land in controversy, instead of one-third of the whole, and,

*Second.* In holding that she was not entitled to one-third of the increased value of the land occasioned by the valuable and lasting improvements made between the date of the guardian's sale and the death of her husband.

In our opinion the circuit court erred in holding that the appellant was not entitled to one-third of the whole of the land in controversy. Upon the execution of the deed by Graves to Davis the latter became seized of the entire tract, so that the appellant falls within the letter of the statute. The payment of the balance of the purchase-price by the guardians was the same, in legal effect, as if it had been paid by the husband of the appellant. The appellant's rights, therefore, could not be affected by such pay-

ment. 1 Washburn Real Property, p. 212 ; 1 Jones Mort-gages, section 585 ; note, 5 American Decis., p. 234.

The court did not err, however, in holding that she was not entitled to any interest in the increased value of the land occasioned by lasting and valuable improvements made be-tween the date of the guardian's sale and the death of her husband. In England it would be otherwise, but the de-cided weight of authority, in this country, is that she can take no part of the improvements in question. 1 Washburn Real Property (5th ed.), pp. 298, 299–300 ; *Gore* v. *Brazier*, 3 Mass. 544 ; *Stearns* v. *Swift*, 8 Pick. 532 ; *Dunseth* v. *Bank of the United States*, 6 Ohio, 77 ; *Hobbs* v. *Harvey*, 16 Me. 80 ; *Mosher* v. *Mosher*, 15 Me. 371 ; *Rannels* v. *Washington University*, 96 Mo. 226 ; *Powell* v. *Monson, etc., Mfg. Co.*, 3 Mason, 347 ; *Alleman* v. *Hawley*, 117 Ind. 532.

The judgment is reversed, with directions to the circuit court to restate its conclusions of law giving to the appel-lant one-third in value of the land in controversy, deducting the increased value occasioned by the improvements as found by the court.

Filed Jan. 8, 1891.

## MOTION TO MODIFY MANDATE.

COFFEY, J.—A petition has been filed in this cause pray-ing the court to modify the mandate heretofore made. It is insisted, as we understand the petition, that the rents and profits accruing from the land, and the taxes paid by the ap-pellees, should be taken into account in fixing the quantity of land to which the appellant is entitled.

There is nothing in the special finding in this case which would authorize the recovery of rents and profits.

One tenant in common, who occupies the land, is not ac-countable for rents unless he excludes his co-tenant or re-ceives rent from a third person. *Humphries* v. *Davis*, 100 Ind. 369 ; *Crane* v. *Waggoner*, 27 Ind. 52.

Under the finding of the court in this case the appellant

is entitled to recover as follows: As to the tract held by Trask, valued at $1,800, with the improvements thereon, one-sixth thereof in value. As to the tract held by Clark, valued, with the improvements thereon, at $1,200, one-sixth thereof in value. As to the tract held by Drake, valued, with the improvements thereon, at $1,440, one-sixth thereof in value. As to the tract held by Hutton, valued, with the improvements thereon, at $8,325, seventy-four three hundred and thirty thirds thereof in value. As the land and the improvements thereon are inseparable, in the event any of the tracts should be sold with a view of dividing the proceeds, such proceeds should be divided in the proportion above stated.

The mandate heretofore made in this cause is hereby modified so as to direct the circuit court to render judgment on the special finding as herein indicated.

Filed March 21, 1891.