Per Curiam.

The objections urged against the verdict, although ingeniously and learnedly supported, are not substantial. The promise, contained in the defendant’s letter to Price, is a promise to any one who should give credit to Augustus Trask upon the faith of that letter ; which was in truth a letter of credit to all the world. Nor do we consider it in the light of a conditional undertaking ; so as to require a demand of, or diligence in the pursuit of, the original contractor. It was of itself an original undertaking, collateral to the promise of the vendee, as security ; but not liable to any contingencies, except that of gross negligence in securing the debt, by means of which the loss might be thrown upon the vendors.
The circumstance of a promissory note having been taken from the vendee of the goods does not diminish the liability of the defendant. The cases cited for the plaintiff clearly show, that the interposition of a promissory note by the vendee does not affect the contract of him whose recommendation or promise was the ground of the credit.
The distance of the parties from each other, — one being in the Mississippi territory, another in Pennsylvania, and the third in Massachusetts, — is a sufficient reason for the lapse of [* 157] * time which has intervened ; especially considering, that, in July, 1812, the defendant recognized by letter the undertaking for his brother, upon which this action is founded.†

Judgment according to the verdict.

 Walton vs. Doddon, Car. & P. 162. — Lawrason vs. Mason, 3 Cranch, 492.