(Decided 28th January, 1869.)

## WILLIAM H. ISRAEL *vs.* EDWARD ISRAEL AND WIFE.

*Tenants in Common — Use and occupation — Repairs.*

One tenant in common, who solely occupies the common property, cannot be held liable to his co-tenants for use and occupation, unless there has been an actual ouster of his co-tenants.

A tenant in conmon, occupying the common property, will not be allowed for expenses which were incurred not for the preservation of the property, but rather to gratify his taste and contribute to his convenience.

APPEAL from the Circuit Court of Baltimore City.

The bill of complaint in this case, filed by the appellees on the 8th of March, 1866, alleged that Fielder Israel, late of the city of Baltimore, being seized, in fee, of a lot of ground and premises on the west side of Greene street, in said city, devised the same to his children, (all of whom were parties to the case,) as tenants in common; that the appellant was in possession of said lot of ground and premises; that he occupied the same for his own use and benefit, and had never accounted with the appellee, Edward, or with any of the parties interested, for the use, profits and benefits thereof. The bill prayed for a partition or sale of the property as might be most advantageous to the parties, and for other and further relief. The defendants, other than the appel-

lant, admitted the allegations of the bill. The appellant in his answer denied that he took possession of the premises for his own use and benefit, or held it adversely to the appellee and other parties interested; and alleged that at the time of his mother's death, in April, 1862, (she having been entitled to a life estate in the property,) he and other children were in possession with her; that there then existed great alarm and anxiety in the city of Baltimore, where the property was located, and very great depression in the value and price of all property; that much was sold at great sacrifice, and many houses were left without tenants; that under these circumstances, he thought it would be more advantageous to all parties not to sell at that time; that he united with some other of the children of his father, the said Fielder Israel, in occupying the premises as a temporary protection to the same, and they continued the occupation for some time after their mother's death, and until those who had occupied it jointly with him concluded to move elsewhere, thus leaving him alone in possession; that thus he became the sole occupant of the property, with the full knowledge of all parties interested, and without any agreement for rent. The appellant also alleged the expenditure of a large amount of money by him on the property in repairs, by which its value was much enhanced; as also the payment of all accruing taxes and other legal charges on the property, and claimed an equitable lien against it for the amounts thus expended. Some testimony was taken, and the auditor stated an account between the parties, in which he charged the appellant rent for the use and occupation of the premises from the time when he became the sole occupant, to the day of the sale thereof, and allowed him for taxes paid, and certain work and labor done in and about the premises during his occupation, but disallowed a claim by him for papering the house and for repairing the range. Exceptions were taken to this account by the appellant and appellees, and on the 3d of May, 1867, the Court (ALEXANDER, J.,) remanded the account to the auditor with

directions to state a further account, charging the appellant for the use and occupation of the premises at the rate of six per cent. on the amount for which the same was sold, accounting from one year after the death of Mrs. Israel to the day of sale, and crediting him with the costs of repairs. that he was allowed in the former account. The auditor stated an account in accordance with these instructions, which, on the 28th of May, 1867, was finally ratified and confirmed by the Court. From these orders—the first of the 3d of May, 1867, remanding the account to the auditor with instructions, and the other of the 28th of May, 1867, finally ratifying the account prepared in accordance with such instructions—the present appeal was taken.

The cause was argued before BARTOL, C. J., BRENT, GRASON and ALVEY, J.

*John T. Morris,* for the appellant:

One of several tenants in common, who occupies the entire property, without any agreement with the others as to his possession, or any demand on their part to be allowed to enjoy possession with him, and without hindrance on his part to their joint occupation, is not liable to account to his co-tenants for such use and occupation of the premises. *Henderson vs. Eason,* 9 *Eng. L. & E. Rep.,* 337; *McMahon and Wife vs. Burchell,* 22 *Eng. Chan. Rep.,* 125; *Woolever, and others, vs. Knapp,* 18 *Barbour,* 265; *Sargent vs. Parsons,* 12 *Mass.* 153; *Izard vs. Bodine,* 3 *Stockton's Chan. Rep.,* 403, 404; *Lyles vs. Lyles,* 3 *Hill's Chan. Rep.,* 76, 86; *Pico vs. Columbet,* 12 *Cal.,* 414.

Tenants in common are jointly seized of the entire estate, and each has an. equal right of entry and possession; the possession of one is the possession of all, and *ouster will not be presumed from exclusive possession* by one· co-tenant, but *actual ouster* must be proved—there is no *constructive ouster* among tenants in common, but positive acts of hostility must

be shewn to constitute disseisin. 4 *Kent's Com.*, 369; 1 *Greenleaf's Cruise, Real Property*, 872, 874; *Small vs. Clifford*, 38 *Maine*, 213; *Story vs. Saunders*, 8 *Hump.*, 663; *Colburn vs. Mason*, 25 *Maine*, 434; *Van Bibber's Lessee vs. Frazier*, 17 *Md.*, 436; *Halford vs. Tetherow*, 2 *Jones* (*N. C.*) *Law*, 396; *Hart vs. Gregg*, 10 *Watts*, 185; *Forward vs. Deetz*, 32 *Penn.*, 73.

A tenant in possession is not bound to account to his cotenants, unless he is their bailiff, and receives more than his share of the rents of the estate. 4 *and* 5 *Anne Ch.*, 16 *sec.*, 27; *Henderson vs. Eason*, 9 *Eng. L. & E. R.*, 337; *Pico vs. Columbet*, 12 *Cal.*, 414, 416, 421; *Chambers vs. Chambers*, 3 *Hawks*, 232; *Green vs. Putnam*, 1 *Barbour*, 508.

But where there has been exclusive perception of the rents and profits, an account will be decreed upon bill for partition or sale. 1 *Story Eq. Jur.*, 753; *Hill vs. Fulbrook*, 1 *Jacob. Chan. Rep.*, 574; *Lorimer vs. Lorimer*, 5 *Madd. Chan. R.* 223; *Hill vs. Fulbrook*, 4 *Condensed Eng. Ch. Rep.*, 268.

Where one tenant in common expends money in making repairs or improvements upon the property, a Court of Equity, in making partition, will direct an account, and full compensation and allowance; and it is not necessary to show the assent of the co-tenants to the repairs, or a promise on their part to contribute their share of the expenses. 4 *Kent's Com.*, 370; 1 *Story's Eq. Jur.*, 655, 656; *Green vs. Putnam*, 1 *Barbour*, 507, 508; *Swan vs. Swan*, 8 *Price*, 518; *Hannan vs. Osburn*, 4 *Paige*, 336, 343; *Drennan vs. Walker*, 21 *Ark.*, 357; *Borrell's Adm'r vs. Borrell*, 33 *Penn.*, 492.

*Levin Gale*, for the appellees:

The appellant was in equity liable to be charged for the value of the premises during the time he had the exclusive use and benefit of the same. 4 *Kent*, 388, (*marginal*,) 369; *Lawes vs. Lumpkin*, 18 *Md.*, 340; *Ridgely vs. Bond.* 18 *Md.* 440; *Young vs. Frost*, 1 *Md.*, 398; *Gibbs vs. Clagett*, 2 *G. & J.*, 14; *Thompson vs. Bostick*, 1 *McMullan*, 75; *Hancock vs.*

*Day,* 1 *McMullan,* 69 and 299; *Holt & Kerr vs. Robertson,* 1 *McMullan,* 495; *Campbell vs. Mesier,* 4 *Johns. Chan. Reps.,* 334; *Van Horne vs. Fonda,* 5 *Johns. Chan. Reps.,* 388; 1 *Story's Equity, secs.* 654, 659, *b.*

And he was only entitled to be reimbursed for such outlays as were necessary for keeping the premises in proper repair, and for such as contributed to their value when sold.

The auditor's report and the decree of the Court were correct in principle, and if there be any error in the details of the report, such error was to the advantage of the appellant, and furnishes no cause for reversal in this case.

GRASON, J. delivered the opinion of the Court:

This case comes before this Court on appeals from two orders of the Circuit Court of Baltimore City, the one bearing date the 3d, and the other the 28th day of May, in the year 1867.

The first question, presented for the consideration of this Court, is, whether one tenant in common is liable to his co-tenants for the use and occupation of the common property. We have found no decision in our own State upon this point, but we think the principle is settled by the current of the English as well as American authorities. In the case of *McMahon vs. Burchell,* 22 *Eng. Ch. Rep,* 134, LORD COTTENHAM said that, if such a doctrine could be maintained, "the effect would be, that one tenant in common, by keeping out of the actual possession, might convert the other into his bailiff; or in other words, prevent the other from occupying the common property, except upon the terms of paying him rent." In the case of *Henderson vs. Eason,* 9 *Eng. L. & E. Rep.,* 341, BARON PARKE said, "there are obviously many cases in which a tenant in common may occupy and enjoy the land or other subject of tenancy in common solely, and have all the advantage to be derived from it, and yet it would be most unjust to make him pay anything. For instance, if a dwelling house or room is solely occupied by

one tenant in common without ousting the other, it would be most inequitable to hold that by the simple act of occupation or user, without any agreement, he should be held liable to pay a rent or anything in the nature of compensation to his co-tenant for that occupation, to which, to the full extent to which he enjoyed, he had a perfect right."

The decisions in many of the States in this country are equally clear and explicit as those above referred to. See *Woolever, and others, vs. Knapp,* 18 *Barbour,* 265; *Sargent vs. Parsons,* 12 *Mass.,* 153; *Izard vs. Bodine,* 3 *Stockton's Ch. Rep.,* 403, and *Pico vs. Columbet,* 12 *Cal. Eq. Rep.,* 414. These decisions are clear and full to the point, that one tenant in common cannot be held liable to his co-tenants for use and occupation of the common property, unless there has been an ouster of his co-tenants. Tenants in common are jointly seized of the entire estate, and each has an equal right of entry and possession, and his entry and possession will be presumed to be in accordance with his title, and this presumption will hold until some notorious and unequivocal act of exclusion shall have occurred. The possession of one tenant in common is, in contemplation of law, the possession of the others also, and it is necessary to prove an actual ouster to rebut this presumption. *Small vs. Clifford,* 38 *Maine,* 213; *Colburn vs. Mason,* 25 *Maine,* 434; *Forward vs. Deetz,* 32 *Penn. State Rep.,* 73; *Van Bibber's Lessee vs. Frazier,* 17 *Md.,* 436.

It was contended, however, by the counsel for the appellees that, in a proceeding in equity for partition, a tenant in common, who had been in the sole occupation of the common property, would be held to account with his co-tenants. We have carefully examined the cases cited in support of this proposition and find that while some of them hold that where partition is sought, the tenant, who has received more than his share of the rents, will be decreed to account, yet none of the cases go to the extent of holding him accountable for use and occupation, except those of *Thompson vs. Bostick,*

*Hancock vs. Day,* and *Holt vs. Robertson,* reported in 1 *McMullan's Ch. Rep.,* at *pages* 69–75, 299 *and* 475. In the case of *Ridgely vs. Bond and Wife,* 18 *Md.,* 440, the answer of Ridgely averred that he had been in the exclusive possession of the premises, and claimed title thereto, under a deed from Grey and wife and Ruth Shipley, who received their title from Rebecca H. Elder, who, as respondent understood, had derived her title from her mother, Sarah Elder, who for many years before had been in undisturbed possession and treated the property as her own. Here was an exclusive possession by Ridgely, accompanied by a receipt of the whole rents and profits, with a claim of title to the whole property, which was a clear ouster of his co-tenants; and upon the sale of the property a decree very properly was passed against him for an account of the rents and profits received, upon the well established principle that where one tenant in common ousts his co-tenants and receives the rents and profits, he shall be held to account to the others for their proportion. In the case of *Lawes vs. Lumpkin,* 18 *Md.,* 340, the bill was filed for a partition by an adult heir against the widow and infant heirs, and against the widow alone for an account of the rents and profits received by her, and also of the rent of the house occupied by her. In her answer she admitted her willingness and readiness to account, and a decree was passed accordingly. It will be seen that this was not a decree in favor of one tenant in common against his co-tenants for an account, but was against the widow, who was not a tenant in common of the house, which she occupied, nor of that, the rents and profits of which she had received. That decision, therefore, is not an authority upon the point to which it was cited.

While it seems to be well settled law that, where one tenant in common acts as bailiff for the other, or is in the exclusive perception of the rents of the common property, he will be held to account. *Statute 4th Anne, chap.* 16, *sec.* 27; 4 *Kent's Com.,* 369; *Green vs. Putnam,* 1 *Barbour,* 508; *Henderson*

*vs. Eason,* 9 *Eng. L. & E. Rep.,* 337; *Pico vs. Columbet,* 12 *Cal. Eq. Rep.,* 414; *Hill vs. Fulbrook,* 1 *Jacob's Chan. Rep.,* 574; *Lorimer vs. Lorimer,* 5 *Madd. Chan. Rep.,* 223; yet we have found no case, in which a tenant in common, who has not ousted his co-tenant, has been held accountable for use and occupation, except the three cases, before referred to, in 1 *McMullan's Chan. Rep.*

Judge FIELD, in delivering the opinion of the Supreme Court of California, in the case of *Pico vs. Columbet,* 12 *Cal. Rep.,* 414, in which this question as very clearly and forcibly discussed, says, that " the doctrine, laid down by the Court of Appeals of South Carolina, as to the liability of one co-tenant to another, is believed to be peculiar to that Court;" and in referring to the cases reported in 1 *McMullan's Chan. Reps.,* he says, " the reasons upon which these decisions rest do not commend themselves to our judgment, and are insufficient to overcome the force of the English, Massachusetts, New York, and Kentucky authorities." In these views we concur, and cannot recognize those decisions as authority in view of the decisions, English and American, to which we have before referred.

The facts in this case are that, upon the death of the father of the parties to this cause, the widow, to whom the house and lot mentioned in the proceedings, was devised for life, occupied the premises until April, 1862, when she died; and that, for about one year thereafter, the appellant and two of his sisters occupied the property, and after the expiration of that year, and up to the time of the sale of the property, the appellant remained in sole possession and lived in the house. He never excluded his co-tenants from its use and occupation, and never made any agreement to pay them rent. During that time he paid the taxes and insurance, and made repairs. There was proof to show the rental value of the house, which it is unnecessary to consider. Under this state of the facts and our views of the law, there was error in the order of the Court below in charging the appellant for the use and occupation of the property.

The only other question presented by the record is whether there was error in not allowing the appellant the sums paid by him for papering the house and repairing the range. We think that those items of expense were not incurred for the preservation of the property, but rather to gratify the taste and contribute to the convenience of the appellant, and that they were rightly and properly disallowed by the Court below.

The appellees excepted to the allowance in the auditor's account, to the appellant for repairs, upon the ground of want of proof, and their counsel urged that objection in this Court. The Court below having ratified that account, and the appellees having taken no appeal therefrom, they are concluded by the order of ratification and can make no objection in this Court.

We will pass a decree reversing the orders appealed from, and remanding the cause for further proceedings in accordance with the views expressed in this opinion.

*Orders reversed amd cause remanded.*

(Decided 1st February, 1869.)