Mr. Justice Humphreys
delivered the opinion of the court:
The law is well settled as to the rights and liabilities of tenants in common, but the controversies arise over the facts of each case. 17 Md., 436; 30 Md., 120.
A tenant in common is not permitted to speculate upon his cotenants. Plain, straightforward dealing is what is right and proper, and what the law teaches, even in its technicali *406 ties. The origin of the rules regulating the rights and relations of tenants in common was that of simplicity and rural dealing, and were designed and established for the purpose of preventing speculation upon the inadvertence, ignorance, or generosity of the rustic ideas of home and peace and quiet.
The facts exhibit an effort on the part of Wise, who is a purchaser of an interest in the land, to occupy it under.the idea of a cotenant, and under that use it without accounting; where the facts justify the conclusion that if the relation of tenants in common existed, they show also what amounts to an ouster of the cotenant.
We, therefore, conclude that the exceptions of Wise to the auditor’s report are not well founded in law according to the facts.
So much of the decree of the court in special term as declines to charge Wise with use and occupation of the front part of the premises in question is hereby reversed, and the auditor’s report is confirmed as to the principle involved. But as it may be necessary to restate the account, and arrive at correct amounts, the decree is reversed, with instructions to proceed on the principles here indicated.