Filed Feb. 25, 1885.

———————◆———————

No. 12,021.

HUMPHRIES, ADMINISTRATOR, *v.* DAVIS.

DESCENT.—*Adoptive Child.*—*Adoptive Parents.*—Where a child is adopted by a husband and his wife jointly, and dies, without children or their descendants, the owner of land inherited from the adoptive mother, the surviving husband and adoptive father will take such land in preference to the natural mother.

DECEDENTS' ESTATES.—*Heir.*—*Administrator.*—*Rents of Land.*—Rents which accrue prior to the death of the intestate belong to the administrator, and form part of the assets of the decedent's estate, but unless land is required for the payment of debts, such rents go to the heir together with the rents which accrue subsequent to the death of the ancestor.

TENANTS IN COMMON.—*Rents.*—*Right of Tenant to Recover from Co-Tenant.*—One tenant in common who occupies the land is not accountable for rent unless he excludes his co-tenant, but is accountable where he receives the rent from a third person.

SAME.—*Right of Administrator to Recover Personal Property.*—E. D. was the adoptive daughter of I. D. and J. D., his wife; the latter died, and subsequently the adoptive daughter died; the adoptive father took possession of the personal property left by his wife, and the administrator of the adoptive daughter's estate sued to recover the property, but did not show that there was not an administration on the estate of J. D., nor that she did not owe debts.

*Held,* that the action can not be maintained.

| | |
|---|---|
| 100 | 369 |
| 124 | 43 |
| 127 | 93 |
| 127 | 485 |
| 100 | 369 |
| 128 | 299 |
| 100 | 369 |
| 132 | 300 |
| 100 | 369 |
| 164 | 93 |
| 100 | 369 |
| 170 | 314 |

From the Montgomery Circuit Court.

*G. W. Paul* and *J. E. Humphries,* for appellant.

*E. C. Snyder, P. S. Kennedy* and *S. C. Kennedy,* for appellee.

ELLIOTT, J.—The complaint in this case alleges that the

appellant is the administrator of Emily Davis, deceased; that Emily Davis was the adopted child of the appellee Isaac Davis and his wife, Jessie Davis; that Mrs. Jessie Davis died before her adopted daughter; that the appellee took possession of land inherited by the adoptive daughter from her adoptive mother, and has appropriated to his own use the rents and profits thereof, and that he has also taken possession of and converted personal property of which Emily Davis died the owner.

There are two branches of this case. The first relates to the real estate; the second concerns the personal property.

We shall first dispose of that branch which involves the right to the rents and profits of the real estate, and this we do without amplification by stating four settled rules of law:

*First.* An adoptive father inherits from a deceased adoptive child land which the child inherited from its adoptive mother in preference to the natural mother, and the inheritance vests in the adoptive father the rights of an heir, with all their legal incidents. *Humphries* v. *Davis, ante,* p. 274; *Davis* v. *Krug,* 95 Ind. 1; *Krug* v. *Davis,* 87 Ind. 590.

*Second.* An heir has a right to land to the exclusion of the administrator, unless it is required for the payment of debts. *Newcomer* v. *Wallace,* 30 Ind. 216; *Smith* v. *Dodds,* 35 Ind. 452, see p. 454.

*Third.* Rents which accrued prior to the death of the decedent belong to the personal representative, but it is necessary to show that rents did accrue, in order to entitle the administrator to sue for them; it is not enough to show mere continued occupancy by one of the heirs.

*Fourth.* One tenant in common is not bound to pay rent while he remains in possession unless he excludes his co-tenant, but if he receives rent from another, he must account for it. *Crane* v. *Waggoner,* 27 Ind. 52; *Jenkins* v. *Dalton,* 27 Ind. 78; *House* v. *House,* 29 Minn. 252; *Henderson* v. *Eason,* 17 Ad. & Ell. N. S. 701, 718; *Sargent* v. *Parsons,* 12 Mass. 153;

*Woolever* v. *Knapp*, 18 Barb. 265; *Ragan* v. *McCoy*, 29 Mo. 356; *Pico* v. *Columbet*, 12 Cal. 419.

The branch of the case which involves the right to recover the personal property converted by the appellant presents some questions essentially different from those we have considered and decided. It is the general rule, that an administrator may maintain an action against the person who has wrongfully converted the personal property of his intestate. *Smith* v. *Dodds, supra; Burnham* v. *Lasselle,* 35 Ind. 425. If the case made is within the general rule, the judgment must be reversed; the contention, however, is not as to the existence of the general rule, but as to whether the case is within its operation.

It is settled by the decisions of this court that an heir can not maintain an action to recover a claim due the estate of the intestate unless it appears that there were no debts due from the estate, and no necessity for an administration in due course of law. *Williams* v. *Riley*, 88 Ind. 290; *Begien* v. *Freeman*, 75 Ind. 398; *Westerfield* v. *Spencer*, 61 Ind. 339; *Moore* v. *Board, etc.,* 59 Ind. 516; *Ferguson* v. *Barnes*, 58 Ind. 169; *Schneider* v. *Piessner*, 54 Ind. 524. It is clear, under the law laid down in the cases cited, that Emily Davis could not have maintained an action against the appellee without averring that there were no debts or no administration, and her personal representative can have no greater rights than the deceased person whom he represents possessed during her life. It results, therefore, that the administrator, as the personal representative, can not maintain this action without averring that there were no debts of the deceased mother.

In the case of *Schneider* v. *Piessner, supra,* the court held that there might be cases in which the heir could sue, and cited *Martin* v. *Reed,* 30 Ind. 218; *Walpole* v. *Bishop,* 31 Ind. 156; *Bearss* v. *Montgomery,* 46 Ind. 544. The opinion of the court was delivered by WORDEN, C. J., who said: "But in our opinion, where the heirs of the creditor sue for

the debt, the complaint should aver every fact necessary to give them a right of action and to recover the money. It is not sufficient to show that there are no debts to be paid. The complaint must show by its averments that the heirs suing are entitled to the money." The court, in another case, repeated in substance this statement of the law. *Williams* v. *Riley, supra,* see page 294. If this is necessary in an ordinary case, it certainly must be so in such a case as this. Here the personal and real property were both in the possession of the heir rightfully entitled to it, and the administrator should not be allowed to take it from him unless needed for some lawful purpose. If it was not needed for some legitimate purpose, the administrator ought not to take it from the lawful heir. It would ultimately vest in the heir, and his rights and possession should not be disturbed. It is clear that if some third person had secured the property, and there were no debts, the heir would have been awarded it in due course of law, and now, that he has it, it should not be taken from him without showing a full and clear right. There would be little good accomplished by going through the course of administration and at the end put the property back in the hands of the heir less the expense of a useless and vexatious administration. At all events, a clear case must be shown, and, in order to show such a case, it is necessary to aver, among other things, that the mother's estate was not administered upon. It can not be presumed in favor of such an action as this that the estate of the deceased mother was not duly administered.

An administrator does not take the property of the intestate for his own benefit or in his own right; he takes it as trustee for the creditors and heirs. If it is not needed to pay creditors, then it belongs to the heirs, and the administrator represents them. Ultimately, the beneficial interest is in the heirs, and, indeed, is in them from the first, burdened only with the debts of the intestate. Here there is no such burden, and no reason exists for taking the property from

the heir.    It has been often held that if the heirs satisfy the claims of the creditors, they may take and hold the property. *Coldron* v. *Rhode,* 7 Ind. 151; *Hibbard* v. *Kent,* 15 N. H. 516; *Harris* v. *Seals,* 29 Ga. 585; *Henderson* v. *Clarke,* 27 Miss. 436; *Hargroves* v. *Thompson,* 31 Miss. 211.    In the case of *Walworth* v. *Abel,* 52 Pa. St. 370, it was said that "The mere legal estate passes to the administrator, the equitable descends upon the parties entitled to distribution.    If there be no creditors the heirs have a complete equity in the property, and if they choose, instead of taking letters of administration, to distribute it by arrangement made and executed amongst themselves, where is the principle which forbids it?"    In speaking of one who had taken out letters under a state of facts very like those under which the appellant secured his, the court caustically and forcibly said: "We do not know whether this was a case of mere intermeddling or not by the plaintiff below, but it looks like it.    He was a stranger to the decedent and the heirs, we are told; and although his letters of administration are valid until revoked, certainly he was not a party whom the law regards as entitled in the first instance to administration.    If those entitled first to administration, the widow and heirs in succession, preferred a settlement of their own affairs without going into the orphan's court, and could do it without interfering with the rights of others, the law did not forbid it, and a stranger might well have afforded to forbear interference."    We may, upon the same principle, say here, that as there were no creditors, and the property was in the hands of the heir to whom it must ultimately go, the appellant might well have forborne interfering.

Judgment affirmed.

Filed Feb. 10, 1885.