MARION DICKERSON, and Wife *vs.* ALICE A. SMALL,
Assignee of ALBERT SMALL.

*Sale of Mortgaged property—Advertisement—Description of
Property—Exceptions to Sale—Recital in Bond.*

A sale of real property under a foreclosure of mortgage, will not be
set aside because the advertisement that appeared in a newspaper
published in the town where the property was situated, failed to
state that the property was situated in said town, the description
of the property in other respects being sufficient for its location
and identity, and there being no intimation that it sold below its
fair market value.

Nor will such sale be set aside because the bond filed by the assignee
of the mortgagee, by whom the sale was made, recited that the
sale was about to be made by him " as attorney for his wife,"
whereas it was made by him as assignee.

APPEAL from the Circuit Court for Washington County,
in Equity.

The appellants on the 24th of July, 1876, executed a
mortgage in favor of the appellee, Albert Small, which on
the 1st of June, 1881, he assigned "to his wife, Alice A.
Small, for her sole and separate use." On the 28th of
October, 1884, Albert Small as *attorney,* filed his bond in
the Circuit Court for Washington County, and proceeded
to sell the mortgaged property. He reported a sale to
the Court and exceptions were taken thereto. The excep-
tions were sustained. On the 23rd of December, 1884, an
assignment was made by Albert Small and wife to Albert
Small, of the mortgage debt, for the purpose of enforcing
its collection. This assignment was filed in the cause on
the 26th of December, 1884. Albert Small, *as assignee,*
advertised the mortgaged property for sale on the 5th of
January, 1885. The advertisement which appeared in a

Hagerstown paper, described the property as follows: "All that parcel of ground situate on the south side of West North street, known as the property of Mrs. Dickerson; the same being lot No. 328, and part of 329, fronting seventy-three feet, more or less, on said street, with a depth of two hundred and forty feet; it being part of that conveyed to Ann E. Lee, (now Dickerson) by Robert Farmer and others, December 14th, 1867. There is on the western part of the lot a one and a half story log house in moderate repair, leaving ample room for additional buildings." The advertisement also stated that the mortgage was "of record in Liber 74, page 520, and in proceedings in No. 3531, equity." The property was offered for sale on the 5th of January, 1885, and on the same day Albert Small reported a sale of the same to his wife. The following exceptions were filed to the sale by the mortgagors:

1st. That the assignment from Albert Small and wife, to Albert Small, dated the 23rd of December, 1884, was illegal and void.

2nd. That the terms of the advertisement were vague, uncertain, and general to such a degree as not to enable the property to be located or identified by one reading the same.

3rd. That Albert Small, as assignee, filed no bond in this Court before making said sale, as required by section 48 of Article 66 of the Revised Code.

After hearing, the Court (SYESTER, J.,) passed an order overruling the exceptions, and ratifying the sale. From this order the exceptants appealed.

The cause was submitted to ALVEY, C. J., STONE, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*Norman B. Scott, Jr.*, and *Alexander Armstrong*, for the appellants.

Dickerson *vs.* Small.

*Albert Small*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The exceptions to the ratification of this sale were properly overruled. The property sold, was a house and lot in Hagerstown. It was advertised as *"town property,"* in a Hagerstown paper—the number of the lot as designated on the town plot—the name of the street, and its location on the street,—*"the south side of West North Street,"*—both the frontage and depth in feet, the name by which it was known, *"the property of Mrs. Dickerson,"* the improvements *"one and a half story log house,"* the names of the mortgagor and mortgagee, together with reference to the land record book, are all set out in the advertisement. And the only objection against the notice, is the omission to state that the house and lot was situated in Hagerstown. But if not stated in so many words, it was advertised in a Hagerstown paper as town property, which in connection with the further description to which we have referred, left no room for doubt as to the location and identity of the property. And it is not even suggested there was any doubt in regard to it, nor was there an intimation the property sold below its fair market value.

In the cases relied on by the appellants, the notices of sale were defective in many particulars, not one of which however will be found in the notice now before us.

In *Alexander vs. Walter, et al.,* 8 *Gill,* 239, a city lot was sold by a collector, and it was described merely as a lot belonging to Philip Walter and assessed with damages amounting to $672, situated on the east side of South street, without designating by reference to the plot or otherwise, the dimensions of the lot, or the particular part of the street on which it was located.

In *Kaufman vs. Walker,* 9 *Md.,* 229, the property was a house and lot described as situated on the south side of Lombard street in the City of Baltimore, at the distance of

391 feet or thereabouts, from the southwest corner or intersection of Lombard and Canal streets, fronting on Lombard street 24 feet, and extending back about 100 feet to the midway between Lombard and Granby streets. In that case, a former owner of the property testified he would not have known the property from the description thus given, besides the proof showed that very few persons attended the sale, and that the property sold far below its value. Upon these facts together with the defective description, the sale was set aside.

And in *Reeside and Wife vs. Peter*, 30 *Md.*, 120, the notice stated the property was sold by virtue of a deed of trust bearing date the 9th day of August, 1865, and recorded in Liber E. B. P., No. 2, folio 241, one of the land records of Montgonery County, and was described as *"pieces or parcels of land situate and lying in Montgomery County."*

The description the Court says "does not state even from or to whom was the deed of trust, but merely refers to the book among the land records of the county" * * "nor does it give the location of the lands more particularly than that they are in Montgomery County; their neighborhood is not mentioned, nor the adjacent lands, nor the person who resided on the property."

Then again it is argued, that the sale ought to be set aside because the bond, filed by the assignee of the mortgagee by whom the sale was made, is defective, and the defect relied on is the recital in the bond that the sale was about to be made by *"Albert Small as attorney for his wife, Alice A. Small,"* whereas it was made by him, as assignee of his wife. But we are not dealing with a statutory bond for the discharge of certain duties defined and limited by law, but with one the condition of which was that the said Albert Small should well and faithfully perform all duties and trusts growing out of the sale of the mortgaged premises, and to abide by and fulfil any order or decree which

shall be made by the equity Court in relation to the sale of the property, or the proceeds thereof. If it be conceded that a material defect in such a bond would be a ground upon which the Court would be justified in setting aside a sale, a question we are not to be understood as deciding, it is clear there is no such defect in the bond filed in this case. The bond was approved by the Clerk as required by the Code, and if from any cause the security is insufficient, the parties in interest may require other and additional security, but have no right to ask the Court to set aside the sale on that ground. For these reasons the order appealed from will be affirmed.

*Order affirmed.*

(Decided 11th December, 1885.)