*D. S. Major,* for appellant.

———o———

CRANE and Another *v.* WAGGONER and Another.

TENANTS IN COMMON.—RENTS.—One tenant in common, unless he has been excluded from the possession by his co-tenant, cannot maintain an action against the latter for use and occupation.

SAME.—STATUTE CONSTRUED.—The statute, (2 G. & H., sec. 16, p. 360,) applies only to cases where rent in money, or in kind, due in respect of the premises, is received from a third party by one co-tenant, who retains more than his share.

PLEADING.—In a complaint for the partition of lands, it was alleged against one of the defendants that he had cut, and converted to his own use, a large amount of timber growing on the land.

*Held,* that the allegation was properly stricken out on motion, for the reason that it was directed against one only of the defendants.

APPEAL from the *Bartholomew* Circuit Court.

RAY, C. J.—This was an action by the appellees for the partition of real estate. The wives of the appellee, *Waggoner,* and appellant, *Crane,* claimed as heirs of *Noah J. Smith,* deceased, and the appellant, *Caleb Crane,* had purchased the interests of other heirs. The appellants moved to strike out of the complaint these words: "Plaintiffs further say, that the said. *Caleb Crane* has had possession of all of the above real estate of which the said *Noah* died seized, ever since the death of the said *Noah.*"

The court overruled this motion. This was error. The complaint did not allege that the appellees had demanded to be let into possession, or that they had been excluded

from such possession by the appellants. They were all tenants in common, and as such were entitled to occupy their portion of every part of the premises, and unless excluded from such occupation, could maintain no action against the tenants who did take possession. *Sargeant* v. *Parsons*, 12 Mass. 149.

Our statute provides that "a joint tenant, or tenant in common, or tenant in co-parcenary, may maintain an action against his co-tenant, or co-parcener, or their personal representatives, for receiving more than his just proportion." 2 G. & H., § 16, p. 360. This statute is taken from and is substantially the same as the statute of ANNE. It was held in the case of *Henderson* v. *Eason*, 9 Eng. Law and Eq. R. 337, which was decided in the *Exchequer Chamber*, overruling the Queen's Bench, in the same case, (64 Eng. Com. Law R. 986,) that, under the statute of ANNE, if one of two tenants in common solely occupies the land, farms it at his own cost, and takes the produce for his own benefit, his co-tenant cannot maintain an action of account against him; that the statute applies to cases where rent, or payment in money, or in kind, due in respect of the premises, is received from a third party by one co-tenant, who retains, for his own use, the whole, or more than his proportional share. This ruling was followed, under a statute to the same effect as our own, in *New York*, in *Woolever et al.* v. *Knapp*, 18 Barb. 265, where it was held that "one of several tenants in common, who possesses the entire premises, without any agreement with the others as to his possession, or any demand on their part to be allowed to enjoy the premises with him, is not liable to account to them, in an action brought by his cotenants for the use and occupation of the premises."

The appellants also moved to strike from the complaint this averment: "said *Caleb Crane* has cut down and converted to his own use, a large portion of the timber which was growing on said real estate at the time of the death of said *Noah J. Smith*, to-wit, of the value of $500." Which motion was overruled.

It is objected that this action being for partition, a claim for the value of timber cut upon the land could not be maintained with it. This objection is not, probably, available here, as the motion to strike out, in our practice, where the motion goes to a part of a paragraph, takes the place of a demurrer where the cause of action is contained in another paragraph, and therefore the paragraph itself is demurrable for misjoinder. But the objection is well taken, that the matter to which the motion applied is only alleged against one of the appellants, and the motion should therefore have been sustained.

The decree of partition is affirmed, and the judgment against the appellants for $77 85, and the entire cost of the action, is reversed, with costs, and the cause is remanded, with directions to the court below to sustain the motions made by the appellants to strike out certain portions of the complaint, and to enter the proper judgment for costs.

*F. T. Hord,* for appellants.

*Hill & Richardson* and *Stansifer & Winter,* for appellees.