## TALCOTT ET AL. *v.* JACKSON ET AL.

41    201
170    315

MOTION FOR NEW TRIAL.—*Surprise.*—*Newly-Discovered Evidence.*—*Presumption.*—Where a plaintiff's motion for a new trial, on the ground of surprise at the evidence delivered by the defendant, and on the ground of newly-discovered evidence, by which the evidence that operated as a surprise can be disproved, is supported by an affidavit of the plaintiff's attorney, and is overruled, and a continuance to enable the affidavit of the plaintiff to be produced is refused, if the evidence is not in the record, the presumption is in favor of the ruling of the court below.

EVIDENCE.—*Agreement as to Admission of.*—Where it is agreed between the plaintiff and the defendant, and entered of record, that all evidence may be

Talcott *et al. v.* Jackson *et al.*

given under the general issue, or general denial, it is necessarily and conclusively implied that a proper finding and judgment shall be rendered on the evidence thus introduced.

SAME.—By such agreement the parties waive the right to have the proper pleadings put upon file in the case, and cannot afterward complain that it was not done.

APPEAL from the Grant Common Pleas.

WORDEN, J.—This was an action on contract by the appellants against the appellees. Issue, trial by the court, finding and judgment for the defendants against the plaintiffs for the sum of one hundred and thirty-two dollars and thirty-one cents.

There was a motion by the plaintiffs for a new trial, which was overruled, and exception taken.

There was an affidavit filed by the plaintiffs' attorney, showing surprise and newly-discovered evidence. The attorney of the plaintiffs asked a continuance of the cause in order to enable him to procure the affidavits of the plaintiffs, who reside in another state, as to the surprise.

Had the plaintiffs' affidavits been filed, we do not see how they would have added anything to the surprise stated in the affidavit of their attorney.

The surprise consisted of the evidence delivered by the defendants as witnesses. It is not stated that the plaintiffs could or would swear contrary to the evidence of the defendants. But it is stated in the affidavit that since the trial a witness has been discovered residing at Indianapolis, by whom the evidence of the defendants, which operated as a surprise upon the plaintiffs, can be disproved. The affidavit of the newly-discovered witness was not produced, nor was a continuance asked in order to enable the plaintiffs to procure such affidavit. We are of opinion that no error was committed in overruling the motion for a continuance, in order to procure the plaintiffs' affidavits of surprise, or in overruling the motion for a new trial. It may be further observed that the evidence is not in the record, and the presumptions are in favor of the ruling below.

One other question is presented by the record, and it grows

Talcott *et al. v.* Jackson *et al.*

out of the following state of the pleadings, and the agreement of the parties. The defendants had filed a paragraph of answer, setting up a set-off to the claim of the plaintiffs, and demanding a judgment in their favor.

To this paragraph a demurrer was sustained, and the defendants excepted.

The cause was submitted to the court for trial, and the entry on the order book proceeds as follows: "And it is agreed by all the parties that all evidence may be given under the general issue herein." A bill of exceptions states the agreement substantially in the same way.

A motion in arrest of any judgment in favor of the defendants against the plaintiffs, except for costs, was made by the plaintiffs and overruled. Exception.

The defendants below, it will be seen, have obtained a judgment against the plaintiffs for a balance found in their favor, without any pleading to support it. In respect to the set-off, the defendants stood in the situation of plaintiffs, and they have a judgment in their favor, without any statement, by way of pleading, of their cause of action.

The question arises whether, under the agreement of the parties thus entered of record, the appellants can take any advantage of the want of proper pleading to support the judgment. We have had some doubts upon this question, but have concluded that they cannot.

The agreement is broad in its terms, and provides, that "all evidence may be given under the general issue herein."

The defendants having pleaded a set-off, though the paragraph setting it up was held bad on demurrer, the plaintiffs must have been fully apprised that evidence of the set-off would be offered under the agreement. Indeed, we think we may well infer that the agreement was made with a view, amongst other things, to obviate the necessity of amending that pleading. There can be no doubt that, under the agreement, evidence of a set-off equal to the plaintiffs' claim was admissible. And if admissible to that extent, why not to the extent of any balance that might be due the defendants?

The language of the agreement is, that "all evidence may be given," etc., and not all evidence in defence of the plaintiffs' action, merely.

The agreement being that all evidence might be given under the general issue, or general denial, we think it was necessarily and conclusively implied that a proper finding and judgment should follow the introduction of the evidence. The plaintiffs, when they thus agreed to the introduction of the evidence, impliedly agreed to the proper finding and judgment of the court therein.

They waived the right to have the proper pleadings put upon file in the case, and cannot now complain that it was not done.

The judgment below is affirmed, with costs.

*J. L. Custer, S. E. Perkins,* and *S. E. Perkins, Jr.,* for appellants.

*A. Steele, R. T. St. John,* and *G. Harvey,* for appellees.