Filed Dec. 9, 1885.

———◆———

No. 12,228.

## Harlan v. Jones.

Taxes.—*Lien for Taxes Paid while Holding Title.— Volunteer.*—One who, while holding the title to real estate under a sheriff's sale, redeems it from a tax sale, and also pays other taxes thereon, may, where such sheriff's sale is set aside, enforce a lien for the taxes paid, as he can not be deemed a volunteer.

From the Tipton Circuit Court.

*N. R. Linsday* and *J. W. Kern,* for appellant.

*J. W. Robinson,* for appellee.

Elliott, J.—The material allegations of the appellee's complaint are these: Creditors of Joshua K. Harlan obtained judgments against him, and also obtained a decree declaring that a conveyance to his wife, the appellant, of the land described in the complaint, was fraudulent, and adjudged that it be set aside. On these judgments the land was sold, the appellee purchased it, and subsequently received a deed from the sheriff. A complaint to review the judgment, declaring the conveyance fraudulent, was afterwards filed by the appellant, and she succeeded in having that judgment annulled. The appellee redeemed the land from a tax sale and also paid taxes that accrued upon the land, and this suit was brought to enforce a lien for the taxes paid.

The appellant's counsel contend that the payment of the taxes by the appellee was voluntary. This position is not tenable. The appellee had color of title, and, indeed, as long as the judgment declaring the land to be subject to sale on the executions against Joshua K. Harlan stood unreversed, he had a valid title. He can not, therefore, be deemed a mere volunteer. He did not pay the taxes for the purpose of making himself the creditor of the appellant, but for the purpose of protecting from sale land to which it had been adjudged by a court of general, jurisdiction the appellant had no title. In no just sense can the appellee be regarded as a volunteer, seeking to make another his debtor. We have no doubt that the appellee has a right to enforce a lien for the taxes paid by him.

Judgment affirmed.

Filed Dec. 9, 1885.