Schissel v. Dickson et al.

Judgment affirmed.

Filed Sept. 24, 1891.

---

No. 14,758.

## SCHISSEL v. DICKSON ET AL.

| | |
|---|---|
| 129 | 139 |
| 134 | 430 |
| 136 | 491 |
| 129 | 139 |
| 143 | 46 |
| 143 | 88 |
| 129 | 139 |
| 147 | 156 |
| 129 | 139 |
| 148 | 665 |
| 129 | 139 |
| 164 | 93 |
| 129 | 139 |
| 170 | 314 |

JUDGMENT.—*Defective Summons.*—*Collateral Attack.*—A judgment upon a complaint against *Wesley* W. Hilton and —— Hilton, where summons is served by notice of publication addressed to Wesley W. Hilton and —— Hilton (whose first name is alleged to be unknown), is not binding upon William W. Hilton and Cora B. Hilton, and may be collaterally attacked.

PARTITION.—*Action for.*—*Tax Lien Held by Co-Tenant.*—*Necessity of Tender.*—The owner of an undivided interest in land may maintain an action for partition against his co-tenant in common, notwithstanding the tenant in common holds a valid tax lien upon such undivided interest. The lien in such cases attaches to the part set off to the lien debtor when partition is complete, and in such a case no tender of the amount of the lien is necessary.

SAME.—*Action for.*—*Joinder with Action to Quiet Title.*—*Tax Lien.*—*Decree.*—*Practice.*—Plaintiff in a suit for partition against the holder of a tax lien joined in the same suit a cause of action to quiet title to the same land, but made no tender of the amount necessary to discharge the tax lien, as required in an action to quiet title against the holder of a tax lien. The court found that the plaintiff was the owner in fee of the undivided two-thirds of the land, and tenant in common with the defendant, who was the owner in fee of the remaining one-third, but that plaintiff's interest was subject to a valid tax lien in favor of the defendant. The court awarded plaintiff partition, but did not quiet plaintiff's title, holding that the lien attached to the severed interest, and providing by the decree for its satisfaction from the partition sale ordered.

*Held,* proper proceeding.

TAXES.—*Tax Sale.*—*Redemption.*—*Persons Under Disability.*—*Penalty and Interest.*—*Statute.*—Under section 208 of the general tax law of 1872 (1

Davis Stat. 121), all persons might redeem within two years after the sale on the payment of fifty per cent. penalty and six per cent. interest. Under the tax law of 1872, where the delinquent was an infant when the tax sale was made, he was properly chargeable with fifty per cent. penalty and six per cent. interest from the date of each payment. By section 210 of the statute, extending the time for redemption to two years after the disability was removed, it is intended that persons under disability may, within that time, redeem on the same terms as other persons were allowed to redeem before the expiration of the two years.

SAME.—*Payment of City Taxes to Protect Lien.—Penalty and Interest.*—By section 251 of the general tax law of 1872 (1 Davis Stat. 127) the holder of a lien on lands was authorized to pay taxes on such lands, and by the act of March 11th, 1875 (1 Davis Stat., p. 338), this provision also became applicable to city taxes. The purchaser at a sale for State and county taxes, who pays city taxes to protect his lien, is entitled to the same penalty and interest on them as on the State and county taxes.

SAME.—*Proper Parties.—Property not Divisible.—Sale.*—In a suit for partition of land in this State, all persons holding liens or claims upon it are proper parties, and the court has power to hear and adjust all the equities between them; and when the property is not divisible, to order a sale and distribution of the proceeds according to the rights of the several parties, and a party holding either a legal or an equitable title may institute the proceedings.

TENANTS IN COMMON.—*Tax Lien.—Rents.—Accounting.*—One who has a tax lien on land owned by him and another as co-tenants, must account to his co-tenant for rents received from renting the property.

From the Marion Superior Court.

*H. J. Milligan,* for appellant.

*R. O. Hawkins,* for appellees.

McBRIDE, J.—This was a suit for the partition of land. There was a trial by the court, a special finding of facts, and conclusions of law stated thereon.

The case comes to us on exceptions to the conclusions of law. The facts, as found by the court, are substantially as follows:

In the fall of 1868 one Mary J. Hilton died intestate in the city of Indianapolis, seized in fee simple of certain real estate in that city—the property in controversy herein. She left surviving her as her sole heirs, her husband, William W. Hilton, and an infant daughter, Cora B. Hilton, who was

born July 12th, 1865. The daughter, on the 21st day of April, 1886, intermarried with one Simeon Dickson, and she and her husband are the appellees in this case.

In the year 1875 said William W. Hilton, with his said infant daughter, removed to the State of Illinois, where they have ever since resided, and still reside.

The county and State taxes on said real estate for the years 1873 and 1874 were allowed to become delinquent, and in February, 1875, the property was offered for sale at public sale to pay the same. It did not sell, and, July 31st, 1875, the auditor of Marion county sold it at private sale to one Frank McWhinney for $44.97, the amount of the taxes. McWhinney afterward paid the county and State taxes for the years 1875 and 1876, amounting to $12.80 and $12.85 respectively; and, there being no redemption from the sale, the auditor made him a deed on the 12th day of February, 1877.

August 12th, 1879, the city taxes on the property being delinquent in the sum of $257.84, the city treasurer sold it to McWhinney at private sale for that sum, and gave him a certificate of purchase.

September 5th, 1879, McWhinney commenced suit in the superior court of Marion county to quiet his title to the property, making defendants thereto *Wesley* W. Hilton, ——— Hilton (whose first name he alleged was unknown), Henry H. Moore and Emeline Moore. No process was ever served in said cause on either William W. Hilton, or on the appellee Cora B. Dickson, *nee* Hilton, nor did either of them ever appear to said action either in person or by attorney.

An affidavit was filed in the following words:

"*State of Indiana, Marion County, ss.:*

"Frank McWhinney *vs.* Wesley W. Hilton, ——— Hilton, Henry Moore, ——— Moore, his wife.

"The undersigned, being duly sworn, upon his oath says that he has been informed by Mr. Samuel Showalter, who says he is the agent for Wesley W. Hilton and ——— Hilton (whose first name is unknown to this affiant), and that

he, Showalter, is their agent for the purpose of renting and collecting rent of lot forty (40) in out-lot one hundred and sixty-one, in Indianapolis, Marion county, Indiana, and also informed affiant that said Hiltons both are non-residents of the State of Indiana, and have their residence in the State of Illinois. Wherefore they can not be served with summons in the State of Indiana, as the affiant verily believes.

"J. T. LECKLIDER.

"Subscribed and sworn to before me this 5th day of September, 1879.        DANIEL M. RANSDELL, Clerk."

On this affidavit there was publication of notice as to Wesley W. Hilton and —— Hilton.

The case came on for hearing at the November term, 1879, of the court, and was tried by the court without a jury. There was a finding of publication of notice as to the Hiltons, and a default of Wesley W. Hilton. A guardian ad litem was appointed for —— Hilton, and Moore and wife appeared and answered. The guardian ad litem filed an answer for —— Hilton.

The court made a general finding that the tax deed and tax certificate were insufficient to carry title, but were sufficient to, and did, give McWhinney a lien on the premises for all taxes and charges thereon paid by him, amounting to $491.65, including penalty and interest, which sum he was entitled to recover, and that —— Hilton was the owner in fee simple of the undivided two-thirds of the property, subject to its share of said $496.65, and that Henry H. Moore was the owner of the undivided one-third of the property, subject to its share of said sum.

The court thereupon ordered said —— Hilton and said Moore to pay said sum into court within twenty days, together with all costs in the case, for the use of McWhinney.

There was a further decree foreclosing the lien, and ordering that in default of such payment the premises be sold by the sheriff of Marion county as on execution, without relief from valuation or appraisement laws, and without right

of redemption, and that on such sale being made a deed or deeds be at once executed to the purchaser, or purchasers. The decree was rendered December 20th, 1879, and on the 24th day of January, 1880, the property was sold by the sheriff. Moore bought the undivided one-third for $182.23, and McWhinney bought the undivided two-thirds for $364.46. On the same date Moore conveyed his interest to McWhinney.

January 31st, 1880, McWhinney and wife conveyed to one Lindley Vinton, and Vinton and wife conveyed to the appellant on the 4th day of November, 1881. Since that date the appellant has been in possession, claiming to be the owner of the entire premises.

During that time he has collected rents amounting to $674, and has paid for taxes and repairs upon the property $225, of which $93.96 was for repairs, and $131.05 was for taxes. McWhinney also paid the following additional taxes: City taxes, 1879, $9.60; 1880, $13.60, and 1881, 12.35; county taxes, 1879, $7.20; 1880, $7.84.

The court also found that the premises were indivisible without injury to the owners.

The court thereupon stated its conclusions of law, holding: That in the case of McWhinney *vs.* Hilton, the Marion Superior Court acquired no jurisdiction of the appellee Cora B. Dickson, and that she was not bound by the decree in that case, but remained and is the owner of the undivided two-thirds of the property, subject to the said liens and equities of the appellant.

That the decree and sale in that case were effectual to divest the title of William W. Hilton to the undivided one-third of the property, and that thereby and through the subsequent conveyances the appellant became and is the owner of such interest therein, and that he in the same manner succeeded to all the liens and equities of his immediate and remote grantors; that the tax-sale of August 28, 1879, by the officers of the city of Indianapolis to McWhinney was void and

transferred neither title nor lien, but that by virtue of his prior purchase, July 31st, 1875, for State and county taxes, McWhinney had acquired such an interest in the property that he had a right to pay said city taxes, and by virtue of such payment to have and hold a lien on such real estate for his reimbursement, the one-third interest which he afterward acquired therein being chargeable with one-third of the amount paid, and appellee's two-thirds being chargeable with the residue ; that as to all the State and county taxes paid by McWhinney before January 24th, 1890, when he acquired title to the undivided one-third of the property, appellee was entitled to redeem, according to the provisions of the tax law, approved December 21st, 1872, by paying two-thirds of the sum total of such taxes, with 50 per cent. penalty thereon, and 6 per cent. interest on each payment from the respective dates thereof.

That appellee is not chargeable with any penalty or interest on the amount paid at the sale for city taxes, nor with any penalty or interest on any taxes whatever paid since January 24th, 1880.

That after January 24th, 1880; McWhinney, and those claiming under him, were tenants in common with the appellee in the property, and as such were each liable to contribute according to their respective interests to the sums paid for taxes and repairs on the property, and were each entitled to share according to such interest in rents received for the same, and that on an accounting the tenant in common paying such taxes and repairs was entitled to a lien upon the share of the co-tenants to secure his reimbursement.

That the appellee was not bound to make any tender to the appellant before instituting suit, for the reason that the amount, if any, due to the appellant could only be ascertained by an accounting, all the data for which were in the possession and knowledge of the appellant, who denied that the appellee had any interest in the property.

The court, upon the foregoing basis, stated the account between the appellant and the appellee as follows:

"The defendant aforesaid" (the appellant), "and those through whom he claims, have paid the amounts following, viz.:

| | |
|---|---:|
| State and county taxes paid by said McWhinney, July 31st, 1875 . . . . . . . . . . . . . . . . | $44 97 |
| Total State and county taxes paid since July 31st, 1875, and prior to 24th of January, 1880 . . . | 32 85 |
| City taxes paid by McWhinney since August 28th, 1879, and prior to 24th of January, 1880 . . . | 9 60 |
| Penalty of fifty per cent. on above . . . . . . . . | 43 71 |
| Interest on the above payments at the rate of six per cent. per annum from dates of respective payments . . . . . . . . . . . . . . . . . . . | 68 00 |
| City taxes paid by McWhinney at city tax sale August 28th, 1879 . . . . . . . . . . . . . . . | 257 84 |
| State and county taxes paid since January 24th, 1880 . . . . . . . . . . . . . . . . . . . . | 7 80 |
| City taxes paid since January 24th, 1880 . . . . . | 25 95 |
| Taxes paid by defendant . . . . . . . . . . . . | 131 05 |
| Repairs made by defendant · · . . . . . . . . | 93 96 |
| | |
| Total . . . . . . . . . . . . . . . . | $715 73" |

The court thereupon charged the appellant with rents collected by him in the sum of $674.

These sums were apportioned, two-thirds to the appellee and one-third to the appellant, leaving a balance due to the appellant of $27.83, for which sum it was held that the appellant was entitled to have a lien on the undivided two-thirds of said property belonging to the appellee.

Exceptions were duly taken to the conclusions of law.

The court rendered a decree adjudging that the appellant was the owner in fee simple of the undivided one-third, and that the appellee was the owner in fee of the undivided two-

thirds of the property in controversy; that the interest of the appellee was subject to a lien in appellant's favor for said sum of $27.83, and that the property could not be divided without injury, etc.

A sale was ordered, the proceeds to be divided, one-third to the appellant and two-thirds to the appellee, after the payment of the costs and of said sum of $27.83, which latter sum was to be paid from the two-thirds due to the appellee.

The appellant challenges the correctness of the conclusions of law upon the following propositions:

1st. As to the effect of the decree of foreclosure in the case of McWhinney *vs.* Hilton *et al.*, in the Marion Superior Court, of which counsel says: " The judgment of foreclosure against plaintiff will withstand a collateral attack, and is *prima facie* correct."

2d. That the appellee could maintain the action without first tendering to the appellant the amount due him, the appellant insisting that such tender was necessary.

3d. As to the amount due the appellant for which he is entitled to a lien, appellant insisting that " The defendant is entitled to interest and penalty and damages on the $257.84 of city taxes paid in 1879, at the same rate as on the other amounts paid."

4th. That the appellant was liable to account for rents, appellant denying such liability; and,

5th. The method of computing the sum due to appellant, of which counsel says: " The damages due defendant is the amount of purchase-money of tax sales, and amounts subsequently paid for taxes, with 20 per cent. per annum from respective dates of sales and payments."

We will consider these questions in the order in which they are presented by the appellant.

1st. The attack on the decree in McWhinney *vs.* Hilton *et al.*, is unquestionably collateral, and can only succeed if the decree is void as to the person making the attack. A judgment is void if the court rendering it had no jurisdiction of

the subject-matter. It is not, however, necessarily void because the court did not have rightful jurisdiction of the person against whom it is rendered. If there has been service of process, although irregular, but which the court adjudges regular and sufficient, the judgment rendered is not void, and although it may be set aside in a direct proceeding for that purpose, it will withstand collateral attack.

The affidavit upon which publication was made was radically defective and insufficient, yet one of the questions upon which the court was required to pass was the sufficiency of the affidavit, and whether or not in fact the service by publication on the parties named in the affidavit and notice was sufficient to give the court jurisdiction of their persons.

So far as the questions thus decided may be brought in question collaterally, that decision, though erroneous, is conclusive upon the parties. *Quarl* v. *Abbett,* 102 Ind. 233; *Field* v. *Malone,* 102 Ind. 251; *Pickering* v. *State, etc.,* 106 Ind. 228; *Kleyla* v. *Haskett,* 112 Ind. 515; *Essig* v. *Lower,* 120 Ind. 239; *Goodell* v. *Starr,* 127 Ind. 198.

It is, however, only parties to judgments, and those who are in privity with them, who are thus bound. In this case it can not be said that either William W. Hilton or Cora B. Hilton was a party to that action.

If a complaint stating a cause of action against *Wesley* W. Hilton, and constructive service by the publication of notice addressed to Wesley W. Hilton is sufficient to bring into court and bind William W. Hilton by the decree rendered, he can be as well thus bound by a complaint and notice against John Hilton, or John Doe; and if a complaint stating a cause of action against ———— Hilton, with constructive service by the publication of a notice addressed to ———— Hilton, without other description or identification, will suffice to bring into court and bind Cora B. Hilton by the decree rendered, it will be equally efficacious as against all persons named Hilton.

So far as this case is concerned, no question is made on the

interest of William W. Hilton, and it is unnecessary to pass upon the effect of that decree upon his interest, further than to suggest that by acquiescing in the decision of the court below in this case, he has probably set at rest any question that might otherwise have been raised. In our opinion Cora B. Dickson was in no manner affected by the decree in the case of McWhinney *vs.* Hilton *et al.* She was not a party to it, and whatever rights or interests she had in the property in controversy are no more affected by it than if there had been no such proceeding. As to her it is void. *Grigsby* v. *Akin,* 128 Ind. 591.

2d. Was the tender by the appellee of the sum due to the appellant a pre-requisite to the commencement and maintenance of the action by her?

The owner of land which is subject to a valid tax lien can not maintain an action against the holder of the lien to quiet title, without first tendering the amount necessary to discharge it. *Ethel* v. *Batchelder,* 90 Ind. 520; *Lancaster* v. *Du Hadway,* 97 Ind. 565; *Peckham* v. *Millikan,* 99 Ind. 352; *Rowe* v. *Peabody,* 102 Ind. 198.

The owner of an undivided interest in land may, however, maintain an action for partition against his co-tenant in common, notwithstanding the tenant in common holds a valid tax lien upon such undivided interest. The lien in such cases attaches to the part set off to the lien debtor when partition is complete, and in such a case no tender of the amount of the lien is necessary.

The plaintiff in a suit for partition of land may join in the same suit a cause of action to quiet the title to the same land. R. S. 1881, section 278, subdivision 5.

The evidence may show him entitled to partition, but not to a decree quieting his title.

In such case the fact that he can not have his title quieted will not necessarily affect his right to partition. He may recover on one issue and fail on the other.

In the case at bar the appellee asked for partition of the

land in controversy, and that her title thereto be quieted. The court found that she was the owner in fee of the undivided two-thirds of the land, and tenant in common with the appellant, who was the owner in fee of the remaining one-third, but that her interest was subject to a valid tax lien in favor of the appellant. The court rightfully awarded her partition, but did not quiet her title, holding, on the contrary, in effect at least, that the lien attached to the severed interest, and providing by the decree for its satisfaction from the proceeds of the partition sale ordered. This was proper procedure.

In a suit for partition of land in this State, all persons holding liens or claims upon it are proper parties, and the court has power to hear and adjust all the equities between them ; and when the property is not divisible, to order a sale and distribution of the proceeds according to the rights of the several parties, and a party holding either a legal or an equitable title may institute the proceedings. *Milligan* v. *Poole*, 35 Ind. 64 ; *Schee* v. *McQuilken*, 59 Ind. 269 ; *Cravens* v. *Kitts*, 64 Ind. 581 ; *Clark* v. *Stephenson*, 73 Ind. 489.

3d. Was the appellant entitled to interest, penalty and damages on the $257.84 of city taxes paid by him in 1879 ?

This we will consider in connection with appellant's fifth contention that the court erred in computing the sum due to appellant.

The rights of the parties must be determined by reference to the general tax law of December 21st, 1872, which, by the act of March 11th, 1875, 1 Davis Statutes (1876), p. 338 (see section 3263, R. S. 1881), is made applicable to cities and towns.

The latter act was considered in the case of *Barton* v. *McWhinney*, 85 Ind. 481, and held valid, and it was also there held that by virtue of its provisions sales of lands by city treasurers for delinquent taxes, together with penalties, etc., were governed by the general tax law. See, also, *Millikan* v. *Ham*, 104 Ind. 498, and *Jones* v. *Foley*, 121 Ind. 180.

The court below evidently acted on the assumption that the general tax law governed so far as the State and county taxes were concerned, and computed penalty and interest in accordance with its provisions.

Section 208 of that law (1 Davis Stat. 121) provides that " The owner or occupant of any land sold for taxes, or any other person, may redeem the same at any time within two years after the last day of such sale, by paying to the county treasurer, for the use of the purchaser, his heirs or assigns, the sum mentioned in his certificate, and the amount of all subsequent taxes paid, with fifty per centum on the whole sum, and interest from the date of purchase or from the time of payment." ·

Section 210 provides that " Infants, idiots, *femmes covert*, and insane persons may redeem any lands belonging to them, sold for taxes, within two years after the expiration of such disability."

The appellee was an infant when both tax sales were made, and this suit was commenced within the time allowed her by section 210, *supra*, for redemption. The court, in our opinion, correctly charged against her in the accounting fifty per cent. penalty on the State and county taxes, and computed interest thereon at the rate of six per cent. per annum from the date of each payment.

Sections 256 and 257 (1 Davis Stat. 129, and sections 2 and 3 of act of March 5th, 1883—Acts of 1883, p. 95), do not apply.

These sections are applicable when the time for redemption has expired. Under section 208, *supra*, all persons might redeem within two years after the sale on the payment of fifty per cent. penalty and six per cent. interest. After that time if the conveyance proved ineffectual to convey title, all not under the disabilities named in section 210 were chargeable with interest under the act of 1872, at twenty-five per cent., and under that of 1883 at twenty per cent. per annum. It is evident, however, that as to those under the

disabilities named in section 210, *supra*, the Legislature, in extending the time for redemption to two years after the disability was removed, intended that they might, within that time, redeem on the same terms as other persons were allowed to redeem before the expiration of the two years. To suppose otherwise would be to suppose that the Legislature intended to impose on the weak and those needing protection heavier burdens than on those able to take care of themselves.

In the case of *Lancaster* v. *Du Hadway*, 97 Ind. 565, BEST, Commissioner, speaking for the court, says of section 208, *supra*, and section 222 of the same act : " The first section enables all persons, whether laboring under disabilities or not, to redeem from such sales within two years, and the last requires the auditor to execute a deed, at the expiration of such time, for all land sold for taxes, notwithstanding the fact that the owner may be an infant.

" It is true, that such persons are not required to redeem within such time, but may do so at any time within two years after the removal of their disability.   *   *   The right to redeem may be exercised by such persons after the execution of a deed."

The right to redeem thus given by the statute means the right to redeem upon the same terms accorded to other persons.

We think the court erred, however, in distinguishing between the State and county taxes and the city taxes. The same rule which applies to one applies to the other. The lien of taxes levied by the city is of equal rank and priority with the lien of those levied for State and county purposes. *Justice* v. *City of Logansport*, 101 Ind. 326.

By section 251 of the general tax law of 1872 ( 1 Davis Stat. 127) the holder of a lien on lands was authorized to pay taxes on such lands, and by the act of March 11th, 1875, heretofore cited, this provision also became applicable to city taxes. Even in the absence of such statutory provision the holder of a tax certificate, who to protect his interest as such

pays valid taxes levied on the property, is not a volunteer, and is entitled to protection. *Harlan* v. *Jones*, 104 Ind. 167.

In addition to this the statutes providing for redemption from tax sales as well as the several provisions relative to the foreclosure and enforcement of the lien when the conveyance proves ineffectual to convey the title, recognize such right, and provide in express terms that penalties shall be added and interest computed on taxes paid after the sale.

It is not material whether the court erred or not in holding that the sale for city taxes did not transfer to McWhinney the tax lien. As purchaser at the previous sale by the auditor, and holder of the auditor's deed, he had the right to pay them, and should be allowed the same penalty and interest on them as on the State and county taxes.

The only question remaining is, was the appellant liable to account for rents received by him after the 24th day of January, 1880 ?

On that day he acquired title to the undivided one-third of the property, and became tenant in common therein with the appellee, and thereafter he alone collected the rents and applied them to his own use, claiming to own the entire premises.

Section 288, R. S. 1881, provides that "A joint tenant, or tenant in common, or tenant in coparcenary, may maintain an action against his co-tenant or coparcener, or their personal representatives, for receiving more than his just proportion."

This is substantially the statute of Anne, and has long been the law in this State. It applies when a tenant in common receives rent from a third party and applies it to his own use. *Crane* v. *Waggoner*, 27 Ind. 52.

The court did not err in requiring appellant to account for rents received by him.

For the error of the court in not allowing penalty and interest on the city taxes at the same rate allowed on the State and county taxes the cause is reversed, at the costs of the appellees, and the Marion Superior Court is directed to

restate its conclusions of law in accordance with this opinion, and to render judgment accordingly.

Filed Sept. 24, 1891.