## McCrum v. McCrum et al.

[No. 5,470. Filed December 6, 1905.]

1. TENANCY IN COMMON.—*Exclusion of Cotenant.—Rents and Profits.—Division of.*—A cotenant occupying lands held by him and others as tenants in common is not liable for rents or for the use and occupation of such lands unless he receives rents from a third party or excludes his cotenants from possession. p. 638.

2. SAME.—*Exclusion of Cotenant.—Evidence.*—Exclusion of a cotenant may be shown by such acts as constructively amount to a denial of such cotenant's right to possession. p. 638.

3. EVIDENCE.—*Principal and Agent.—Attorney and Client.—Authority.*—In an action by cotenants against a cotenant for rent, evidence by such cotenants' attorney that they had instructed him to make a demand upon such cotenant for possession of such land is not hearsay and is admissible before or after proof of a demand made by such attorney. p. 639.

4. SAME.—*Compromise and Settlement.—Limits of Rule.*—The rule that evidence of an attempted compromise is not admissible is limited to the action on trial, declarations in the compromise of another suit being competent if otherwise admissible. p. 639.

5. TENANCY IN COMMON. — *Exclusion of Cotenant. — Rental Value.*—A complaint by ousted cotenants against a cotenant in possession for rent of the lands held as tenants in common, alleging that such cotenant excluded them from possession and appropriated the crops and the land, admits evidence of the rental value of such land. p. 639.

6. SAME.—*Exclusion of Cotenant.—Value of Crops.—Negligence of Occupying Tenant.*—The occupying cotenant is only liable to account to the ousted cotenants for their· shares of the crops unless his negligence or wilful misconduct has contributed to the injury or destruction of such crops. p. 639.

From Huntington Circuit Court; *A. H. Plummer,* Special Judge.

Action by Robert C. McCrum and another against Thomas H. McCrum. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*Lesh & Lesh,* for appellant.

*C. W. Watkins* and *Branyan & Feightner,* for appellees.

ROBINSON, J.—Action by appellees for rent of land owned by all the parties as tenants in common. Trial by jury and verdict and judgment in appellees' favor.

The complaint avers that prior to September, 1903, the appellant and appellees and another were owners as tenants in common of certain lands, and that appellees were entitled to one-third of all crops raised and all pasture on the land; that appellant had sole and exclusive possession of the land during the years 1902 and 1903 and excluded appellees therefrom until partition of the land in September, 1903; that during that time appellant took and appropriated to his own use the corn for the year 1902, and wheat, oats and hay for the year 1903, and that he took and appropriated to his own use all the pasture for the years 1902 and 1903; that appellees' shares of all such crops and pasture were and are reasonably worth $500; that demand was made and refused. With the general verdict the jury returned answers to interrogatories in substance as follows: Appellees owned a life estate in an undivided one-third of the land, and appellant owned one-third in fee. Appellees offered and made effort to enter into possession of the land during the time in question, and such efforts were made when $720 per year was offered appellant by appellees as rental, and also by constant demand for partition of the land. Appellant excluded appellees from possession and occupancy of the land at the time appellant was offered the rental, and thereafter, by occupying the land.

It is a settled rule of law that one tenant in common is not required to pay rent, or for the use and occupation of the premises, while he remains in possession, unless

1.  he excludes his cotenant; but if he receives rent from a third person he must account for it. The basis for this rule is that each tenant is entitled to the occupation of the premises, and the possession of one tenant in common is constructively the possession of all, the possession of one being deemed to be for the benefit of himself and his cotenants. *Crane* v. *Waggoner* (1866), 27 Ind. 52, 89 Am. Dec. 493; *Humphries* v. *Davis* (1885), 100 Ind. 369, and cases cited.

At appellant's request the court properly told the jury that where one tenant in common possesses the entire premises without any agreement with his cotenants as to his possession, or any demand on their part to enjoy the premises with him, the tenant in possession is not bound to account to the others for use and occupation.

But there is evidence in the record from which the jury could fairly conclude that there was a demand by appellees to enjoy the premises with appellant, which was re-

2.  fused, and that appellant excluded appellees from the possession or occupancy of the land. The exclusion from the premises may be shown by such acts as constructively amount to a denial of the cotenants' right to possession. In *Manchester* v. *Doddridge* (1852), 3 Ind. 360, the same rule is applied to copartners and tenants in common, and the rule is approved that, "to disseize his companions there must be an actual ouster, or there must be such acts as are constructively equivalent to an ouster; as the denial of right to the rent of any part, or the possession of any part, of the land, or an exclusive possession for a long time, so as to afford the presumption of a disseizin." *Jenkins* v. *Dalton* (1866), 27 Ind. 78.

A witness, an attorney, was asked whether he was instructed by his clients (appellees) to make any demand

upon appellant for possession of the land. Objection was made that any instructions or conversations had between appellee and his attorneys in the absence of appellant could not be binding on him, that it would be hearsay, and was leading and suggestive. The objections are not tenable. The witness was not asked to give any conversation he had with his client. The witness subsequently testified that he did make a demand, and it was competent, before or after such testimony, to show for whom he made it and his authority for doing so.

Objection was also made to testimony of this witness as to a conversation between him and appellant, on the ground that what was said was for the purpose of compromising a suit then pending. But it appears that the conversation was concerning a suit that had been brought and tried before the present action was brought. The conversation, so far as the subject of compromise was concerned, was not concerning the subject-matter of the present action.

Under the averments of the complaint evidence of the rental value of the land was competent. It is averred that appellant appropriated to his own use the crops and pasture land. Upon the question of damages the court, at appellant's request, instructed the jury that appellant would not be chargeable with, or required to account for, what the rental values might have been, or would have been had the farm been placed in good condition for farming and had been well cultivated by appellant, but that appellees could only recover their just share of the rents and profits actually received. The court also properly told the jury, and there was evidence authorizing the instruction, that, as a general rule, a cotenant is only bound to account for the share of the crops actually harvested by him; but if the cotenant carelessly, negligently or intentionally allowed his stock to eat up the crops, then the jury might consider what the fair value of

such crops would be had they not been intentionally or negligently destroyed by his own acts. The twelfth instruction requested by appellant was properly refused for the reason that it does not negative the fact that the loss of the crops may have resulted wholly through appellant's fault.

Upon some matters the evidence is directly conflicting, but upon the material facts necessary to a recovery there is some evidence. The record does not disclose any error prejudicial to the rights of appellant.

Judgment affirmed.