## OVERTURF v. MARTIN.

[No. 21,058. Filed April 28, 1908.]

1. APPEAL.—*Interlocutory Orders for Sale of Real Estate.—Partition*—Under cl. 16, §1392 Burns 1908, Acts 1907, p. 237, §1, an appeal to the Supreme Court lies from an interlocutory order for the sale of real estate in a partition suit. p. 310.

2. MORTGAGES.—*Subrogation.—Husband and Wife.*—Where a husband conveyed a tract of land encumbered by a purchase-money mortgage, the grantee agreeing to pay same, and the wife not joining in the conveyance, such grantee is subrogated to the rights of such mortgagee as against the wife's claim to a one-third interest upon her husband's death. pp. 312, 313.

Overturf *v.* Martin—170 Ind. 308.

3. DESCENT AND DISTRIBUTION.— *Decedents' Estates.* — *Vendors' Liens.*—*Rights of Widow.*—The widow is not entitled to one-third of her husband's real estate, as against the holder of a purchase-money mortgage thereon, but has the right to have two-thirds thereof sold and the proceeds applied thereon, and if that is insufficient, she is entitled to what is left of the remaining one-third after satisfaction of such mortgage.   p. 313.

4. VENDOR AND PURCHASER.—*Purchaser's Improvements.*—*Deeds.*— *Wife's Failure to Join in.*—The purchaser of lands is entitled, in a partition suit brought by the grantor's wife, who failed to join in the conveyance, to be reimbursed for improvements made upon such land, in the lifetime of the grantor, which enhanced the price thereof.   p. 313.

5. SAME.—*Wife's Failure to Join.*—*Rentals.*—*Improvements.*—A wife who failed to join her husband in the conveyance of his real estate, is not entitled, in a partition suit brought after her husband's death, to have the rental value of the lands set off against the grantee's improvements.   p. 314.

6. DEEDS.—*Failure of Wife to Join in.*—*Effect.*—The failure of a wife to join her husband in a deed to his land has no effect unless she survives him, in which event she takes one-third thereof. p. 314.

7. PARTITION.—*Tenants in Common.*—*Rentals.*—An occupying tenant in common of lands is not liable to his cotenants for rents unless he excludes such cotenants or receives rents from third persons.   p. 314.

8. PLEADING.—*Cross-Complaint.*—*Partition.*—*Rentals.*—In a partition suit, the defendants, in order to recover for improvements to the lands, must set up their claims therefor by a cross-complaint. p. 315.

9. SAME.—*Answer in Denial.*—*Agreements as to Proof of Defenses.* —*Partition.*—*Improvements.*—In a partition suit, where the general denial was answered, and where the parties agreed that "all matters that could properly be pleaded in said cause" could be proved thereunder, matters properly brought in by cross-complaint and admitted by the parties below will not, on appeal, be considered as without the terms of such agreement.   p. 315.

10. APPEAL.—*Bill of Exceptions.*—*Whether in Record.*—Where the motion for a new trial was overruled on April 19, sixty days' time being given for the filing of a bill of exceptions, a bill filed on June 6, is in time.   p. 315.

11. SAME.—*Weighing Evidence.*—The Supreme Court will not weigh conflicting oral evidence.   p. 316.

12. SAME.—*Reversal.*—*New Trial.*—It is discretionary with the Supreme Court, in the reversal of a case, to order judgment on the special findings, or to order a new trial.   p. 316.

From Scott Circuit Court; *James K. Marsh*, Special Judge.

Suit by Sarah J. Martin against Jonathan Overturf. From an interlocutory decree for plaintiff, defendant appeals. *Reversed.*

*Mark Storen* and *Dixon & Meloy*, for appellant.

*L. A. Douglass*, for appellee.

MONTGOMERY, J.—Appellee brought this suit for partition, and appellant answered her complaint by general denial, with an agreement that all matters which could be properly pleaded by him could be proved under that answer. The court made a special finding of facts, at the request of appellant, and stated conclusions of law thereon in favor of appellee. Commissioners were appointed to make partition, and reported the land to be indivisible. The court thereupon ordered the land sold and appointed a commissioner to make the sale. Appellant appealed from that decree, and the jurisdiction of this court is upheld under the statute of 1907 (Acts 1907, p. 237, §1, cl. 16, §1392 Burns 1908), on the ground that the appeal was from an interlocutory order for the sale of real estate.

It is charged that the court below erred in overruling appellant's motion for a new trial, and in the conclusions of law.

The conclusions of law announced by the court were, in effect, that appellee is the owner in fee of one-third of all the lands in controversy, charged only with the sum of $50.65, that being one-third of the amount of taxes paid upon the lands by appellant since the death of Samuel Martin. The lands described in the complaint consist of 215 acres. Samuel Martin acquired a tax title to 40 acres of the lands May 28, 1867, and in November following received a quitclaim deed to the same tract from Fielding Lett and wife. Martin's aunt, Elizabeth Gordon, conveyed 120 acres to him December 3, 1868, and on July 25, 1870, he conveyed

the 40-acre tract and the 120-acre tract to Elizabeth Gordon, who conveyed the same to appellant August 4, 1870. The remaining 55 acres was conveyed to Samuel Martin by William Gordon on March 22, 1870, and on August 19, of the same year, conveyed by Martin to appellant. The appellee did not join in any of these conveyances. Sarah J. Martin, the appellee, testified that she and Samuel Martin were married March 17, 1859, and lived together as husband and wife for about three years. They lived with his aunt, Elizabeth Gordon, and in 1861 he went into the army and remained for one year, after which he returned home and remained about one year, when he reëntered the army, and since that time she had not seen him nor had any direct communication with him. About three or four weeks after Martin returned to the army, appellee left the home of Elizabeth Gordon, and in 1864 was sent to the penitentiary for stealing horses, and remained in prison for one and one-half years. February 11, 1869, she was married to a Dr. Zimmerly, and in the following year Samuel Martin was married a second time. Miss Elizabeth Gordon got the 120 acres of land by taking care of her father and mother, and she took Samuel Martin into her care when he was about ten years old, and she said if he lived with her, took care of the farm and of her, and supported her, he was to have the farm, and she would deed it to him. The only consideration appellee heard talked about was that if he would support and take care of her while she lived she would deed the farm to him.

Appellant testified that Samuel Martin bought the 55-acre tract from William Gordon for $700, and executed to him a mortgage upon the land for the $700. He bought the land from said Martin for $700, and paid the purchase money to Gordon on this mortgage. He took possession at once, cut down bushes and briers, cleaned up the place, built woven-wire fences on two sides of it, and made other improvements in the lifetime of Martin, all enhancing its

value $200 to $300. He boarded with Elizabeth Gordon three or four months before he bought the 120-acre tract, and she was then in possession of the land, and claiming to be the owner of it. The land was in the name of Samuel Martin, and she said she had deeded it to him to take care of her the remainder of her days. At appellant's request the land was reconveyed to Miss Gordon by Samuel Martin, and then deeded to him, and he paid the consideration to Elizabeth Gordon. He took possession at once, cleaned up the place, built fences, recovered the barn and built a shed to it, set out an orchard, and by such improvements enhanced the value of the farm at least $800. He kept the taxes paid, and the amount of taxes paid thereon since Martin's death is $154.95. William Clerkin testified that Elizabeth Gordon was in possession of the farm until she sold it to appellant, and that Martin lived with her after returning from the army until he left the country, and that the improvements made by appellant on the 55-acre tract enhanced its value $300. It further appeared in evidence that Samuel Martin died in Blaine county, Idaho, August 5, 1902, and that no divorce had ever been decreed between him and appellee.

It was conclusively shown that said Martin paid nothing upon the 55-acre tract, but executed a mortgage to the vendor, William Gordon, to secure the whole of the purchase money. Appellant bought the land with this mortgage upon it, and paid the mortgage as the consideration for the conveyance of the land by Martin to him. The trial court found these facts, but adjudged that appellee was entitled to one-third of this piece of land, without regard to the vendor's lien and encumbrance, which were upon the title held by her husband. In this respect the conclusions of law were erroneous. Appellant caused the mortgage to be satisfied upon the record, but appellee is in no position to insist that he should not be subrogated to the rights of the mortgagee, and the mortgage be treated as

alive and in full force as against her claim. Appellant bought the land, apparently at a fair price, and paid the full consideration agreed upon, in the belief that he had acquired a good title, and it would be manifestly inequitable to permit appellee, under the circumstances, to take a full one-third of the land, in which her husband had no valuable interest. If Martin had died while holding the title to this tract, with the purchase-money mortgage upon

3. it, appellee's interest therein as his widow would have been subject to the lien of the mortgage. *Frain* v. *Burgett* (1898), 152 Ind. 55; *Sharts* v. *Holloway* (1898), 150 Ind. 403; *Vandevender* v. *Moore* (1896), 146 Ind. 44; *Buser* v. *Shepard* (1886), 107 Ind. 417; *Kissel* v. *Eaton* (1878), 64 Ind. 248. In such event the widow could have required two-thirds of the land to be first applied toward the satisfaction of the mortgage, and if not sufficient for the purpose, she would have been entitled only to what remained, if anything, after full payment of the encumbrance. *Bowen* v. *Lingle* (1889), 119 Ind. 560; *Fowler* v. *Maus* (1895), 141 Ind. 47.

We perceive no ground, either legal or equitable, for enlarging appellee's rights in the land because of the fact that her husband conveyed it to another in his lifetime.

2. It is our conclusion that this mortgage should be regarded and treated as still alive and enforced in this action for the benefit of appellant.

Appellant made lasting and valuable improvements upon the land in the lifetime of Samuel Martin, which enhanced the value of the 55-acre tract $200 or $300, and the

4. value of the 120-acre tract $800. No allowance for these improvements was made in his favor in the court's conclusions of law or the order of sale. When a husband conveys his lands by a deed in which his wife does not join, his grantee is entitled to the benefit of the increased value of the land conveyed, caused by improvements made by him thereon in the lifetime of the grantor. The court

made a finding of the enhanced value on account of such improvements, and in a partition proceeding such as this, between the widow and the grantee of the husband, should have made provision to compensate the grantee for the value thus added. *Davis* v. *Hutton* (1891), 127 Ind. 481; *Quick* v. *Brenner* (1885), 101 Ind. 230; *Smith* v. *Addleman* (1840), 5 Blackf. 406; *Thompson* v. *Morrow* (1819), 5 Serg. & R. *289, 9 Am. Dec. 358; 16 Am. and Eng. Ency. Law (2d ed.), 116.

It was stated in the special finding that the rental value of the land while in appellant's possession, prior to the death of Samuel Martin, was of the aggregate value of $1,600. It is suggested in appellee's brief that the court set off the value of the rents against the improvements made by appellant. The conveyance from Samuel Martin vested a legal title to the lands in appellant, which was subject to be defeated as to an undivided one-third thereof, only in the event that the wife survived the husband. During the lifetime of the husband appellee had no claim, legal or equitable, upon this real estate, but a mere inchoate right or expectancy, which would have been extinguished, in case of her death before his. She was not a tenant in common with appellant until after the death of her husband during coverture. It is well settled that an occupying tenant in common of lands is not chargeable with rents unless he excludes his cotenant or receives rent from a third person. *Crane* v. *Waggoner* (1866), 27 Ind. 52, 89 Am. Dec. 493; *Humphries* v. *Davis* (1885), 100 Ind. 369; *Carver* v. *Coffman* (1887), 109 Ind. 547; *Carver* v. *Fennimore* (1881), 116 Ind. 236; *Bowen* v. *Swander* (1889), 121 Ind. 164; *Schissel* v. *Dickson* (1891), 129 Ind. 139; *Ryason* v. *Dunten* (1905), 164 Ind. 85. Appellee had no right of possession to any part of the land until after the death of Martin in 1902, and there was no showing that appellant had received any rents from third persons at any time.

It is manifest that the court erred in not making provision to reimburse appellant from the proceeds of the land to the extent that its value was enhanced by the improvements made by him.

Appellee's counsel insists that this could not be done, in the absence of a claim therefor set up by way of cross-complaint. The general rule of practice is correctly stated in appellee's brief. *Alleman* v. *Hawley* (1889), 117 Ind. 532; *Quick* v. *Brenner, supra; Stafford* v. *Nutt* (1871), 35 Ind. 93; *Martindale* v. *Alexander* (1866), 26 Ind. 104, 89 Am. Dec. 458.

The agreement respecting the issues made by the parties, and spread on record in this case, was as follows: "And it is agreed in open court by the parties to this action, for the purpose of closing the issues herein, that all matters that could be properly pleaded in said cause could be proved under the general denial." This agreement was broad enough to include matters which ordinarily should have been set up by way of cross-complaint, and the parties having so construed it, introduced evidence, and tried the case in accordance with such construction, cannot on appeal limit the scope and force of such agreement. *Allison* v. *Hubbell* (1861), 17 Ind. 559, 565; *Welch* v. *Bennett* (1872), 39 Ind. 136; *Talcott* v. *Jackson* (1872), 41 Ind. 201; *McElwaine* v. *Hosey* (1893), 135 Ind. 481, 488.

It is urged by appellee that the evidence is not in the record, for the reason that the bill of exceptions was not filed within the time given, and hence no question raised by the motion for a new trial can be considered. Appellee's counsel is clearly mistaken as to the facts, since it appears from the record that the motion for a new trial was overruled April 19, 1907, and appellant was then given sixty days in which to prepare and present his general bill of exceptions. The bill of exceptions was presented within the time given and filed June 6, 1907.

Appellant earnestly contends that the evidence was in-

sufficient to sustain the findings of the court, that Samuel Martin was the owner in fee simple of the 120-acre tract of land in controversy. His counsel insist that Elizabeth Gordon made the conveyance to her nephew Samuel Martin, upon the condition or consideration that he should live upon the land, and support and care for her during her lifetime; but that this contract was rescinded, Martin was released, and he reconveyed the land to Miss Gordon; that he removed from the country out into Idaho, where he remained for more than thirty years, and until his death. This claim upon the evidence is plausible, but it is well understood that we are not afforded equal opportunities with the trial court for determining questions of fact upon parol evidence. The burden of establishing this proposition rested upon appellant, and its determination depended upon the credibility of witnesses and the weight to be given to their oral testimony. It is manifest that the trial judge, with the witnesses before him, could more certainly decide the ultimate fact correctly, than we can upon a mere lifeless transcript.

12. It appears to us, however, that the justice of the cause will be best subserved by ordering a retrial.

The judgment is therefore reversed, with directions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.