PRICE ET AL. *v.* ANDREW.

[No. 15,506. Filed October 14, 1937. Rehearing denied December 16, 1937. Transfer denied February 1, 1938.]

*Miller & Miller* and *Louis B. Ewbank,* for appellants.
*Hutchinson & McQueen,* for appellee.

LAYMON, P. J.—This is an action by appellee, Sarah Andrew, a tenant in common with appellant George T. Price, of the coal and other minerals underlying certain lands, by which appellee sought and demanded an accounting from her cotenant therein and his son, appellant Thomas A. Price, alleged to be his partner in mining operations, on account of the removal by appellants of a certain amount of coal owned by appellee, Andrew, and appellant George T. Price as tenants in common. The pleadings consisted of a complaint in one paragraph and a supplemental complaint charging further mining after the suit was commenced. To the complaint appellants filed a demurrer for want of facts, which demurrer was overruled. Thereupon appellants filed their separate and several answers in five paragraphs. A demurrer was sustained to the second, third, and fourth paragraphs of answer, and the issues were closed by appellee's reply in general denial. Upon proper request the court made a special finding of facts and stated its conclusions of law thereon. The finding of facts and conclusions of law were favorable to appellee, and judgment was rendered accordingly, from which judgment this appeal is prosecuted. The correctness of the conclusions of law stated on the special finding of facts is the only question presented for review. The court found: That the appellee, Sarah Andrew, and her husband, Robert Andrew, were for some time prior to 1925 the owners as tenants by entirety of an undivided one-half of the mineral rights in and to the N. W. ¼ of S. E. ¼, Sec. 19, Twp. 13 N., R. 6 W., in Clay County, Indiana. That in 1925 the appellee's husband, Robert Andrew, died, and by virtue of his death the appellee became the owner of an undivided one-half interest in the mineral rights underlying said above-described real estate. That on said date and for a long time prior thereto the appellant George T. Price was the owner in fee simple of

the N. E. ¼ of S. E. ¼ of Sec. 19, Twp. 13 N., R. 6 W., in Clay County, Indiana, and also the owner of the surface of the N. W. ¼ of S. E. ¼ of Sec. 19, township and range aforesaid, and that in the year 1914 he became the owner of an undivided one-half interest in the mineral rights underlying the same, and that from the date of the death of the said Robert Andrew the appellee and the appellant George T. Price were the owners as tenants in common of the minerals underlying the real estate described as the said N. W. ¼ of S. E. ¼ of Sec. 19, township and range aforesaid.

That prior to 1910 there was opened on the N. W. ¼ of Sec. 19, township and range aforesaid, a mine known as the Wizard Mine, owned and operated by a man by the name of Zimmerman, and during the time of its operation there was mined and removed a portion of the bottom vein of coal underlying said N. W. ¼ of S. E. ¼ of Sec. 19, township and range aforesaid, under a contract of lease with the then owners of the mineral rights in said quarter quarter section. That said Wizard Mine ceased operations in 1910 or 1911, and since said date it has not been operated nor has any coal been taken from the quarter quarter section now owned by the parties to this action.

That in 1921 or 1922 the appellant George T. Price opened a mine on his own land, the same being 40 acres immediately east of the said N. W. ¼ of S. E. ¼ of Sec. 19, township and range aforesaid, and sunk a shaft to a depth of approximately 60 feet to the third or bottom vein of block coal, and proceeded to operate said mine, taking from the same the coal underlying his own land for a period up until 1931. That said shaft so constructed was located approximately 175 yards east of the east line of said quarter quarter section and near the center thereof, from north to south.

That since the year 1931 the said appellants, in the

operation of their mine, constructed tunnels and excavated to the west of said shaft and into the said bottom vein of coal underlying the said N. W. ¼ of S. E. ¼ of Sec. 19, being the same bottom vein of coal mined and worked by said Wizard mine in said N. W. ¼ of the S. E. ¼, and continued to take, mine, and remove said bottom vein of coal from under said quarter quarter section in the usual and customary way and manner that said coal is mined and removed in Clay County, Indiana, without the knowledge and consent of this appellee, until November, 1932, at which time the appellee caused a survey to be made of her holdings and discovered that two or three acres underlying said quarter quarter section had been mined and the said bottom vein of coal removed by the said appellants.

That subsequent to that date the appellants continued to operate and mine and from time to time took additional quantities of said bottom vein of coal from underneath said quarter quarter section and during said period have taken therefrom an estimated tonnage of 21,917 tons. This vein of coal from the portions mined was approximately three feet eight inches thick and a good quality of Brazil bottom vein block coal.

The court further found: That during all of the time the said George T. Price operated the said mine he maintained his home on the 40 acres where said mine shaft was located, near the northeast corner thereof, and his son and coappellant, Thomas A. Price, "assisted him in the operation and management of said mine, devoting his time and attention to the work incident to the successful operation thereof and shared in the profits derived from said operation after the expenses were paid."

That a fair and reasonable price or royalty for coal of the kind and character taken from the land of the parties, appellee and appellant hereto, was 25 cents per ton and the same is the customary and usual price paid in

that neighborhood by lessors of mines and operators for coal in place. That the tonnage to be paid for at this price or rate of royalty is computed on mined and screened coal passing over an inch and a quarter screen, and that such coal in screening will lose approximately 20 per cent of its original weight as it comes from the mines.

That the said appellants, in the operation of said mine, never at any time denied the right of the appellee to enter upon said premises and to mine and remove any of the coal therein, and in no way excluded her therefrom.

Appellant George T. Price contends that as a cotenant in possession he was not liable for the rents of the land in the absence of an agreement, unless he had excluded his cotenant or received rent from third persons; that the court did not find, either in substance or otherwise, to the effect that appellee ever demanded possession or that she was ever denied possession, that appellant ever received any rents from third parties, that there was any agreement between the parties as to such possession by appellant; that there is no finding of adverse possession or ouster of appellee.

The principle seems well established in this state that the possession of one tenant in common is the possession of all, and the tenant in possession is not required to pay rent unless he excludes his cotenant, but if he receives rent from a third person he must account for it. *Overturf* v. *Martin* (1908), 170 Ind. 308, 84 N. E. 531; *Ryason* v. *Dunten* (1905), 164 Ind. 85, 73 N. E. 74; *McCrum* v. *McCrum* (1905), 36 Ind. App. 636, 76 N. E. 415; *Geisendorff* v. *Cobbs* (1911), 47 Ind. App. 573, 94 N. E. 236. The reason for this rule is that each tenant is entitled to the occupation of the premises, the possession of one being deemed for the benefit of himself and his cotenants. Where one

tenant in common possesses the entire premises without any agreement with his cotenants as to his possession, or any demands on their part to enjoy the premises with him, the tenant in possession is not bound to account to the others for mere use and occupation.

Section 2-504 Burns 1933, §56 Baldwin's 1934, provides: "Action against cotenant or coparcener.—A joint tenant, or tenant-in-common, or tenant in coparcenary, may maintain an action against his cotenant or coparcener, or their personal representatives, for receiving more than his just proportion. (Acts 1881 [Spec. Sess.], ch. 38, sec. 708, p. 240.)"

Under this statute appellee concedes that a cotenant in land is not liable to other cotenants thereof for the mere use and occupation of the premises so owned by them, but contends that one cotenant is liable to another cotenant for his just proportion of the royalty on coal mined and removed from a coal seam owned by them as cotenants and sold to third persons, and for which money is received therefor from third persons and appropriated to the use and benefit of such cotenant in possession.

In applying this statute, it has been uniformly held by numerous decisions of the courts of this state that a tenant in common is only liable to account to a cotenant for rents when he excludes such cotenant from possession or receives rent from third persons. Although the statute does not employ the word "rent," neither does the statute qualify the receipts in the form of rent, or any particular species of income. Pertinent here is the following portion of the statute: "For receiving more than his just proportion." The important effect given to the construction of this clause by the decisions of the courts of our state is that the receiving be from third persons and not that the thing received be of a particular species. The statute should have equal force and effect as applied to cases where rent, or payment in money, or in kind, due

in respect of the premises, is received from a third party by one cotenant, who retains, for his own use, the whole, or more than his proportionate share, whether the receipts are characterized as rent, profits, or royalties. It is only to cases of mere use and occupation that the statute does not apply. *Ryason* v. *Dunten, supra; Schissel* v. *Dickson et al.* (1891), 129 Ind. 139, 28 N. E. 540; *Humphries, Admr.* v. *Davis* (1885), 100 Ind. 369; *Crane* v. *Waggoner* (1866), 27 Ind. 52; *McCrum* v. *McCrum, supra; Geisendorff* v. *Cobbs, supra;* 62 C. J., sec. 137, p. 443.

Appellant George T. Price next insists that appellee, as cotenant, can not maintain her cause of action unless it appears that appellant had received rents from third persons and that there is no finding by the court that he received rents from third parties. It appears, however, from the findings, that appellants, in the operation of their mine, constructed tunnels and by excavation removed certain coal owned by appellee and appellant George T. Price as tenants in common and that during all of the time the appellant George T. Price operated the said mine he maintained his home on the 40 acres where the shaft was located, and his son, appellant Thomas A. Price, assisted him in the operation and management of said mine, devoting his time and attention to the work incident to the successful operation thereof and shared in the profits derived from said operation after the expenses were paid. In addition to these facts as found by the court, the appellant George T. Price filed a fifth paragraph of answer to appellee's complaint in which he alleged "that said coal is of no value to said plaintiff, nor to this defendant except for the purpose of sale of the title thereto unless it be mined and removed. . . . That this defendant, after he acquired his said one-half interest in said coal, mined and worked in said bottom vein of coal underlying the surface of

said land, in the usual and customary way and manner, and in the usual and customary way and manner in which said bottom vein of coal is and was mined and worked in said County of Clay, *and that this defendant, as said bottom vein of coal was mined and worked by him, marketed the same, and that it is such mining and sale of said bottom vein of coal, and none other, of which the plaintiff complains.*" (Our italics.) The answer of appellant Thomas A. Price pleaded the same identical facts. It is not necessary for the court to make a finding as to any matter which is admitted in an answer. *Allen* v. *Hollingshead* (1900), 155 Ind. 178, 57 N. E. 917; *Catherwood* v. *Catherwood* (1922), 78 Ind. App. 332, 127 N. E. 816. The facts found and the answers were sufficient to establish the fact that the coal in question was mined and worked in the usual and customary way and manner in the operation of the mine, and the coal was marketed and sold and certain profits derived from said operation after the expenses were paid.

It is further insisted that the findings are silent upon the amount of rent or profits actually received by appellants and that no judgment could be predicated upon such findings. It is true that the proper method for determining the amount of the judgment in an action in accounting is primarily based upon proof of the actual amount of rents or profits received. In the absence of a showing of the actual amount of the profits received, it may have been necessary, however, for appellee to resort to the measure of recovery by showing the fair market value of the royalty on the coal mined and sold, which method, the facts found by the court indicate, was adopted here. The record being silent as to the reason for adopting such secondary proof, we are unable to say that it was improper.

It is further contended that the finding of facts is silent as to any partnership existing between appellant

George T. Price and appellant Thomas A. Price, making appellant Thomas A. Price liable for any part of the coal involved in this action. The facts found by the court and the facts pleaded in the answer of appellant Thomas A. Price are sufficient, however, to sustain a conclusion of liability on the part of said Thomas A. Price.

We conclude that there is no error shown in the conclusions of law as found by the trial court. Judgment affirmed.